FILED
2011 MAR 17 A 10: 10
CIVIL DISTRICT COURT

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

No. 2011 - 06458                                       DIVISION _____

**SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN**

**VERSUS**

**BRENNAN'S INC.**

FILED: _____   _____
                                          **DEPUTY CLERK**

## PETITION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, come plaintiffs, Shawn Tiffany Brennan and Samantha Scott Brennan, in their capacity as the co-executors of the Succession of James Charles Brennan ("Succession"), who respectfully represent that:

1.

Plaintiffs Shawn Tiffany Brennan and Samantha Scott Brennan are the duly appointed Dative and Independent Co-Executors of the Succession of James Charles Brennan, and are the proper plaintiffs pursuant to Louisiana Code of Civil Procedure article 685.

2.

Shawn Tiffany Brennan ("Shawn") is a natural person of full age and majority, with a residence in California.

3.

Samantha Scott Brennan ("Samantha") is a natural person of full age and majority, with a residence in California.

4.

Before his death, James Charles Brennan resided in Orleans Parish, Louisiana.

5.

Made defendant herein is Brennan's Inc., a Louisiana corporation with its registered office located in Orleans Parish, Louisiana.

6.

Venue is proper in Orleans Parish, the parish of defendant's domicile.  La. C.C.P. art. 42.

7.

At the time of his death, James Charles Brennan ("Jimmy"), owned one-third of the stock of Brennan's Inc. Jimmy's brothers, Owen E. Brennan, Jr., ("Pip") and Theodore M. Brennan ("Ted"), each also owned one-third of the stock of Brennan's Inc.

8.

Jimmy died on July 18, 2010.

9.

On August 26, 2010, Jimmy's daughters, Shawn Tiffany Brennan and Samantha Scott Brennan, were duly appointed as Dative and Independent Co-Executors of the Succession of James Charles Brennan (the "Succession"). Pursuant to Louisiana Code of Civil Procedure article 685, Shawn and Samantha are the proper plaintiffs to enforce the rights of the Succession of James Charles Brennan.

10.

On November 8, 1983, Jimmy, Pip, Ted, and Brennan's Inc. entered into a stock redemption agreement, which was amended on July 31, 1984, and then amended again on October 24, 1991 (collectively the "Stock Redemption Agreement").

11.

Pursuant to Paragraph II of the Stock Redemption Agreement, upon the death of a shareholder, Brennan's Inc. would be obligated to purchase all of the stock of the deceased shareholder, and the deceased shareholder's succession representative would be obligated to sell all of the deceased shareholder's stock to the Company within ninety (90) days of the death of the deceased shareholder.

12.

In accordance with the terms of the Stock Redemption Agreement, within ninety days of Jimmy's death, the representatives of the Succession agreed to sell Jimmy's shares to Brennan's Inc. in exchange for a promissory note in the amount of $2,068,976.00, payable in monthly installments of $18,000.00 until paid in full.

13.

Over the years, Jimmy, Ted, and Pip received shareholder loans from Brennan's Inc.

14.

At the time of his death, Jimmy had an outstanding loan from Brennan's Inc. in the approximate amount of $1,615,281.10.

15.

The understanding between Jimmy, Ted, Pip, and Brennan's Inc. was that upon the death of a shareholder, any outstanding shareholder's loan to Brennan's Inc. would be set off against any payments due to the shareholder's succession in the sale of the deceased shareholder's shares to Brennan's Inc.

16.

In contravention of this understanding, Brennan's Inc., under the exclusive control of Ted, has demanded that the Succession pay the full amount of Jimmy's outstanding personal loan to Brennan's Inc. immediately.

17.

In the alternative, pursuant to Louisiana Civil Code article 1778, where the time for repayment of the loan has not been fixed, the loan is due within a reasonable time.

18.

A reasonable time period would be to immediately offset the loan amount of Jimmy by the amount Brennan's Inc. has agreed to pay in exchange for Jimmy's shares in Brennan's Inc., which is also consistent with the understanding of the parties as to when the loans were to be repaid.

19.

Pursuant to Louisiana Civil Code article 1871, *et seq.*, petitioners are entitled to a declaratory judgment that the outstanding loan in the amount of approximately $1,615,281.10 due by the Succession to Brennan's Inc. is set off against the amount of $2,068,976.00 due by Brennan's Inc. to the Succession for the sale of Jimmy's shares in Brennan's Inc., leaving a

balance due to the Succession of $453,694.90 to be paid in monthly installments of $18,000.00 until paid in full.

## PRAYER FOR RELIEF

*WHEREFORE*, Plaintiffs, pray that defendants Brennan's Inc. be ordered to appear and answer this Petition for Declaratory Judgment in accordance with the law and that after due proceedings had there be judgment entered as follows:

1.  For a declaratory judgment that the outstanding loan in the approximate amount of $1,615,281.10 due by the Succession to Brennan's Inc. is set off against the amount of $2,068,976.00 due by Brennan's Inc. to the Succession for the sale of Jimmy's shares in Brennan's Inc., leaving a balance due to the Succession of $453,694.90 to be paid in monthly installments of $18,000.00 until paid in full;

2.  For all costs of these proceedings; and

3.  For all other equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

PHILIP A. FRANCO (#5819)
MARGOT LILLY KRAMER WANT (#32754)
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana 70139
(504) 581-3234 Telephone
(504) 566-0210 Facsimile
*Attorneys for Plaintiffs*

**PLEASE SERVE:**

Brennan's Inc.
Through its registered agent for service of process
Bridget Brennan Tyrrell
417 Royal St.
New Orleans, LA 70130

Alternate address:
Bridget Brennan Tyrrell, Esq.
1431 Joseph St.
New Orleans, LA 70115

Rev. 3/06

# CLERK OF CIVIL DISTRICT COURT COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judges of Civil District Court en banc is authorized for use by the Clerk of Court for the purpose of initiating the civil docket sheet. The plaintiff filing the suit must fill out this form.

| PLAINTIFFS (Name of first plaintiff listed) | DEFENDANTS (Name of first defendant listed) |
|---|---|
| SHAWN TIFFANY BRENNAN | BRENNAN'S, INC. |
| PARISH OF RESIDENCE OF FIRST LISTED PLAINTIFF | PARISH OF RESIDENCE OF FIRST LISTED DEFENDANT |
| STATE OF CALIFORNIA | ORLEANS |

| ATTORNEYS (Firm Name, Address, & Telephone No.) | TO BE FILLED IN BY CLERK'S OFFICE |
|---|---|
| Philip A. Franco<br>Margot L.K. Want<br>Adams and Reese, LLP<br>4500 One Shell Square, ,New Orleans<br>LA  70139  (504-581-3234) | CASE NO. _____<br>DIVISION _____<br>JURY DEMAND _____ (yes or no) |

| PROBATE | CONTRACT | SPECIAL PROCEEDING | TORTS-PERSONAL INJURY | STATUS & DOMESTIC |
|---|---|---|---|---|
| ____110 Simple Possession (No will) | ____210 Open Account | ____310 Injunction | ____410 Motor Vehicle | ____510 Separation |
| ____115 Petition to Probate Will (with admin-istration) | ____215 Breach of Contract | _X__315 Declaratory Judgment | ____415 Motor Vehicle-Product Liability | ____515 Divorce |
| | ____220 Suit on Note | ____320 Judicial Review Zoning | | ____520 Annulment |
| ____120 Petition to Probate Will (without ad-ministration) | ____225 Suit on Note with Fore-closure of Chattel Mortage | ____325 Mandamus (non-real estate) | ____420 Product Liability-Other | ____525 Custody (not filed with separation or divorce) |
| | ____230 Suit for Earned Wages | ____330 Election Suit | ____425 Medical Malpractice | ____530 Disavowment of Paternity |
| ____125 Petition to Search for Will | ____235 Suit for Accounting | ____335 Minor's Settlement | ____430 Premises (liability for condition) | ____535 Suit to Establish Paternity |
| ____130 Other | ____240 Other | ____340 Concursus | ____435 Marine | ____536 Child Support |
| | ____245 Hurricane Litigation | ____345 Petition for Discovery | ____440 Intentional Tort | ____540 Name Change |
| | | ____350 Petition for Writ for Sequestration | ____445 Defamation | ____545 Emancipation |
| **LABOR** | **IMMOVABLE PROPERTY** | | ____450 Other | ____550 Interdiction |
| | | ____355 Petition to Make Judgment Executory | ____455 Asbestos | ____555 Commitment |
| ____610 Joint Petition for Workmen's Compensation | ____710 Suit on Note with Fore-closure of Mortgage | | ____460 Class Action | ____560 Petition to Appoint Curator |
| ____615 Judicial Review | ____720 Suit to Rescind Sale or for Refund of Purchase Price | ____360 Tax Suit | | ____565 Partition of Community (separate action) |
| ____620 Workmen's Compensation | | ____365 Petition to Become Notary | | ____570 Marital Agreement |
| ____625 Other | ____725 Suit for Specific Performance | ____370 Other | | ____575 Pet. to make Judgment Executory (Domestic) |
| | ____730 Declaratory Judgment | | | ____580 Other |
| | ____735 Rent and/or Eviction | | | |

| | |
|---|---|
| ____740 Expropriation | Check/Fill in if demanded in complaint: |
| ____745 Mandamus to Cancel Mortgage | Check if this is a CLASS ACTION under _____ |
| ____750 Other | RELATED CASE(S) IF ANY |

| Check/Fill in if demanded in complaint: | |
|---|---|
| Check if this is a CLASS ACTION under _____ | Demand $ |
| RELATED CASE(S) IF ANY | Other |

JUDGE _____

CASE NO. _____

CIVIL CASES ARE DEEMED RELATED IF PENDING CASE INVOLVES:

1. Property included in an earlier numbered pending suit
2. Same issue of fact or grows out of the same transaction

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

No.:                                                      Division:

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN

versus

BRENNAN'S, INC.

PARTY TO BE SERVED:  BRENNAN'S, INC.

THROUGH:  AGENT FOR SERVICE: BRIDGET BRENNAN TYRRELL

ADDRESS:  417 ROYAL STREET

SUITE/ROOM: _____

CITY:  NEW ORLEANS

SPECIAL SERVICE INSTRUCTIONS: _____

DOCUMENT TYPE:  PETITION FOR DECLARATORY JUDGMENT

FILED BY ATTORNEY:  PHILIP A. FRANCO          BAR NO. 5819

DATE OF FILING:  6-17-2011

ATTACHMENTS/EXHIBITS: _____

| RETURN FOR PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On the _____ day of _____ 20 ____ served a copy of the within _____ _____On _____in person _____ _____ | On this _____ day of _____ 20 __ served a copy of the within _____ _____ on _____ _____ by leaving same at _____ domicile or usual place of abode _____ in the hand of _____ a person of suitable age and discretion, residing therein as a member of _____ domiciliary establishment, whose name and other facts connected with this service I learned by interrogating the said _____ the said _____ being absent from _____ domicile at time of said service. |
| Return same day | Returned same day |
| Deputy Sheriff of Orleans Parish | |
| _____ ENTERED _____ PAPER          RETURN | |
| _____ / _____ / _____ SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of Orleans Parish |

Form 95                         SHERIFF'S RETURN

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

No.: _____          Division: _____

*SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN*
_____ versus _____
*BRENNAN'S, INC.*

PARTY TO BE SERVED: *BRENNAN'S, INC.*

THROUGH: *AGENT FOR SERVICE: BRIDGET BRENNAN TYRRELL*

ADDRESS: *1431 JOSEPH STREET*

SUITE/ROOM: _____

CITY: *NEW ORLEANS*

SPECIAL SERVICE INSTRUCTIONS: _____

DOCUMENT TYPE: *PETITION FOR DECLARATORY JUDGMENT*

FILED BY ATTORNEY: *PHILIP A. FRANCO*          BAR NO. *5819*

DATE OF FILING: *6-17-2011*

ATTACHMENTS/EXHIBITS: _____

| RETURN FOR PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On the _____ day of _____ 20 ____ served a copy of the within _____ _____On _____in person _____ _____ Return same day _____ Deputy Sheriff of Orleans Parish _____ENTERED _____ PAPER          RETURN _____ / _____ / _____ SERIAL NO.   DEPUTY   PARISH | On this _____ day of _____ 20 __ served a copy of the within _____ _____ on _____ _____ by leaving same at _____ domicile or usual place of abode _____ in the hand of _____ a person of suitable age and discretion, residing therein as a member of _____ domiciliary establishment, whose name and other facts connected with this service I learned by interrogating the said _____ the said _____ being absent from _____ domicile at time of said service. Returned same day _____ Deputy Sheriff of Orleans Parish |

**SHERIFF'S RETURN**

Form 95

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2011-06458

DIVISION___

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES C. BRENNAN

VERSUS

BRENNAN'S INC.

FILED:_____        DEPUTY CLERK

## MOTION AND INCORPORATED MEMORANDUM FOR EXTENSION OF TIME

NOW INTO COURT, comes defendant, Brennan's, Inc., who appearing specifically herein solely for the purpose of this motion and incorporated memorandum, now moves this Honorable Court to grant said defendant an extension of time in which to file responsive pleadings to plaintiff's Petition for Declaratory Judgment (hereinafter "Petition").

Undersigned counsel for defendant is attempting to retain proper counsel for Brennan's Inc. As of today, Brennan's Inc. has not yet retained proper counsel. Thus, undersigned counsel requested an additional 10 days in which to answer said Petition and was absolutely denied this request by opposing counsel.

WHEREFORE, defendant prays that this Honorable Court grant defendant an extension of time to file responsive pleadings to plaintiff's Petition.

Respectfully submitted,

*Bridget B. Tyrrell*

Bridget Brennan Tyrrell (La. Bar No. 29100)
1431 Joseph Street
New Orleans, Louisiana 70115
Telephone: (504) 512-9290
Telecopy: (504) 617-6046
Attorney for Brennan's, Inc.

7-21-11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been forwarded to all counsel of record by facsimile and/or email transmission, this 21st day of July, 2011.

_Bridget B. Tyrrell_

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2011-06458                                                      DIVISION_____

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES C. BRENNAN

VERSUS

BRENNAN'S INC.

FILED:_____   DEPUTY CLERK _____

## RULE TO SHOW CAUSE

Considering defendant, Brennan's, Inc.'s Motion for Extension of Time;

**IT IS HEREBY ORDERED** that plaintiff appear and show cause on the _____ day of

_____, 2011, why defendant's Motion for Extension of Time should not be

granted.

Signed on this _____ day of _____, 2011 in New Orleans, Louisiana.


_____
**Judge, CDC, Orleans Parish**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2011-06458                                                  DIVISION_____

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES C. BRENNAN

VERSUS

BRENNAN'S INC.

FILED:_____       DEPUTY CLERK _____

## ORDER

Considering the foregoing Motion and Incorporated Memorandum for Extension of Time

of defendant, Brennan's, Inc.,

IT IS HEREBY ORDERED that said Motion is granted and defendant, Brennan's, Inc.,

have until _____, 2011 to file responsive pleadings into the record of the above-

referenced matter.

Signed on this _____ day of _____, 2011 in New Orleans, Louisiana.


_____
**Judge, CDC, Orleans Parish**



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-6458                                    DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED:_____      _____
                                              DEPUTY CLERK

## MOTION FOR ENTRY OF PRELIMINARY DEFAULT

NOW INTO COURT, through undersigned counsel, come Shawn Tiffany

Brennan and Samantha Scott Brennan, in their Capacity as Independent Co-Executors of

the Succession of James Charles Brennan, Plaintiffs, and on suggesting to the Court that

service of Plaintiffs' Petition for Damages was accepted by Bridget Brennan Tyrell,

counsel for Brennan's, Inc., on June 21, 2011 (see Email dated June 21, 2011 attached

hereto as Exhibit 1); and said Defendant having failed to file an answer to the Petition

for Damages, and the legal delays for answering having elapsed, Plaintiffs respectfully

request that a preliminary default be entered herein against Defendant, Brennan's, Inc.

pursuant to La. Code Civ. Proc. art. 1701.

Respectfully submitted,

ADAMS AND REESE LLP

Philip A. Franco (#5819)
Margot Lily Kramer Want (#32754)
4500 One Shell Square
New Orleans, LA 70139
Telephone: (504) 581-3234
Fax: (504) 566-0210
Attorneys for Plaintiffs

- 1 -

7-22-11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served

on all counsel of record by placing same in the United States Mail, postage pre-paid,

this 22nd day of July, 2011.

**Phil Franco**

| | |
|---|---|
| **From:** | Phil Franco |
| **Sent:** | Tuesday, June 21, 2011 11:54 AM |
| **To:** | Bridget Brennan Tyrrell |
| **Cc:** | Mark Embree; Margot Want; Theresa Wilson |
| **Subject:** | RE: Brennan's Petitions |

Confirmed

FILED

JUL 22 2011

DEPUTY CLERK
CIVIL DISTRICT COURT

**From:** Bridget Brennan Tyrrell [mailto:bucketbrennan@aol.com]
**Sent:** Tuesday, June 21, 2011 11:44 AM
**To:** Phil Franco
**Cc:** Mark Embree; Margot Want; Theresa Wilson
**Subject:** Re: Brennan's Petitions

This is emails is confirmation of acceptance of service for Brennan's, Inc. and Theodore M. Brennan.

Per our conversation a few minutes ago, you will agree to a 30 day answer period.

Please confirm receipt.

Thank you,


**Bridget Brennan Tyrrell, Esq.**
1431 Joseph St.
New Orleans, LA 70115
504.371.5091 (direct)
504.512.9290 (cell)
504.617.6046 (efax)


-----Original Message-----
From: Phil Franco <Phil.Franco@arlaw.com>
To: Bucketbrennan@aol.com <Bucketbrennan@aol.com>
Cc: Mark Embree <Mark.Embree@arlaw.com>; Margot Want <Margot.Want@arlaw.com>; Theresa Wilson <Theresa.Wilson@arlaw.com>
Sent: Tue, Jun 21, 2011 11:27 am
Subject: FW: Brennan's Petitions

See attached suits filed Friday. Please send email accepting service on behalf of Brennan's and Ted as of today.

**From:** Theresa Wilson
**Sent:** Tuesday, June 21, 2011 11:18 AM
**To:** Phil Franco
**Subject:** Brennan's Petitions

are attached

**EXHIBIT**

tabbies

_1_

7/22/2011

Baton Rouge | Birmingham | Houston | Jackson | Memphis | Mobile | Nashville | New Orleans | Sarasota | St. Petersburg  | Tampa | Washington, D.C.

The contents of this e-mail and its attachments are intended solely for the addressee(s). In addition, this e-mail transmission may be confidential and it may be subject to privilege protecting communications between attorneys and their clients.  If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission.  Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality.  If you have received this transmission in error, please alert the sender by reply e-mail.  Treasury Circular 230 requires that we inform you that any statements regarding tax matters made herein, including attachments, cannot be relied upon for the purpose of avoiding tax penalties, and such statements are not intended to be used or referred to in any marketing or promotional materials.  Additionally, Adams and Reese LLP does not and will not impose any limitation on the disclosure of the tax treatment or tax structure of any transactions to which such statements relate.

7/22/2011



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-6458

DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED:_____        _____
                                                    DEPUTY CLERK

## *O R D E R*

Considering the foregoing Motion for Preliminary Default of Plaintiffs,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that a preliminary default be and is hereby entered against Defendant, Brennan's, Inc.

New Orleans, Louisiana, this _____ day of July, 2011.

_____
Civil District Court Judge

- 3 -

```
       F I L E D

         JUL 2 2 2011

       DEPUTY CLERK
     CIVIL DISTRICT COURT
```

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-6458                                        DIVISION "L"


SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED:_____        _____
                                              DEPUTY CLERK

## CERTIFICATION

I, _____, Deputy Clerk for the Civil District Court for the Parish of Orleans, Division "L", do hereby certify that I have examined the record of these proceedings on July _____, 2011, and that no answer has been filed by Defendant, Brennan's, Inc. to the Plaintiff's Petition for Damages.


                        _____
                              Deputy Clerk of Court


- 4 -

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2011-06458                                    DIVISION: "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES C. BRENNAN

VERSUS

BRENNAN'S INC.

FILED_____              DEPUTY CLERK_____

## ANSWER TO PETITION FOR DECLARATORY JUDGMENT

## EXEPTIONS, AFFFIRMATIVE DEFENSES, AND ANSWER TO DAMAGES TO PEITION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Brennan's Inc. who answer the Petition for Declaratory Judgment as follows:

I.

## PEREMPTORY EXCEPTIONS

Defendants raise the peremptory exception of prescription to the extent of any claims that were filed more than one year after Plaintiffs filed its Petition.

Defendants raise the peremptory exception of no cause of action to the extent there are claims for attorney's fees, equitable relief and general damages.

II.

## AFFIRMATIVE DEFENSES

Defendants assert the affirmative defenses of waiver, estoppel, ratification, contributory negligence, error, or mistake.

## ANSWER

NOW FURTHER, Brennan's Inc. answers the Petition For Declaratory Judgment as follows:

7-25-11

**1.**

The allegations of Paragraph 1 are admitted.

**2.**

The allegation of Paragraph 2 is admitted.

**3.**

The allegation of Paragraph 3 is admitted.

**4.**

The allegation of Paragraph 4 is admitted.

**5.**

The allegation of Paragraph 5 is admitted

**6.**

The allegation of Paragraph 6 is admitted.

**7.**

The allegations of Paragraph 8 are admitted to the extent that at the time of his death, James C. "Jimmy" Brennan, owned 196 shares of Brennan's stock, Owen E. "Pip" Brennan owned 196 shares of Brennan's stock, and Theodore M. "Ted" Brennan owned 196 shares of Brennan's stock.

**8.**

The allegation of Paragraph 8 is admitted.

**9.**

The allegations of Paragraph 10 are denied for lack of sufficient information.

**10.**

The allegations of Paragraph 10 are admitted.

**11.**

The allegations of Paragraph 11 are admitted.

**12.**

The allegations of Paragraph 12 are admitted in that "the representatives of the Succession [did] sell Jimmy's shares to Brennan's Inc. in exchange for a promissory note, payable in monthly installments of $18,000 until paid in full. However, pursuant to the language of Paragraph II which is eliminated in Plaintiff's Petition, it is denied that said Stock Redemption Agreement needed the Succession's approval, nor made any

mention of said shareholder loans, as within the same Paragraph it is stated that said "Payment shall be made in cash *or at the option of the Corporation by its promissory note*, which shall be payable in equal consecutive monthly installments…including interest from the date of death on the unpaid principal balance…until paid in full."

**13.**

The allegation of Paragraph 13 is admitted.

**14.**

The allegations of Paragraph 10 are denied for lack of sufficient information.

**15.**

The allegation of Paragraph 15 is denied.

**16.**

The allegation of Paragraph 16 is denied.

**17.**

The allegation of Paragraph 17 regarding the Louisiana Code of Civil Procedure states a legal conclusion to which no response is required. To the extent the allegation accurately quotes part of said code, they are admitted.

**18.**

The allegations of Paragraph 18 are denied.

**19.**

The allegations of Paragraph 19 regarding the Louisiana Code of Civil Procedure state a legal conclusion to which no response is required. To the extent the allegation accurately quotes part of said code, they are admitted. However, they are denied, including but not limited to, the same reasons said allegations in Paragraph 15 are denied.

**20.**

Any claim or allegation not specifically admitted herein is denied and Defendants reserve the right to assert a reconventional demand and/or to amend these pleadings.

**WHEREFORE**, it is respectfully prayed that after due proceedings be had, Defendants' Exceptions, Affirmative Defenses, and Answer be deemed good and sufficient and that this matter be dismissed with prejudice, against Plaintiffs, at their own cost, and that Plaintiffs be required to pay all costs associated with these proceedings, and

for any other relief Defendants may be entitled to under law and equity provided by this

Court.

Respectfully Submitted,

*Bridget B. Tyrrell*

**BRIDGET BRENNAN TYRRELL (#29100)**
**1431 Joseph Street**
**New Orleans, LA 70115**
**Direct (504) 371-5091**
**Cellular (504) 512-9290**
**Facsimile (504) 617-6046**
*Attorney for Brennan's Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all

parties via facsimile transmission, email and/or by placing same in the United States

mail, properly addressed and postage prepaid this 25th day of July, 2011.

*Bridget B. Tyrrell*

_____

FILED

2012 APR 25  A 10: 18

CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458                                        DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____    _____
                                              DEPUTY CLERK

PETITIONER'S MOTION FOR LEAVE TO FILE FIRST AMENDED AND
SUPPLEMENTAL PETITION FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, come plaintiffs Shawn Tiffany

Brennan and Samantha Scott Brennan, in their capacity as the co-executors of the Succession of

James Charles Brennan ("Succession"), who respectfully move this Court for an order granting

the Succession leave to file its First Amendment to Petition for Declaratory Judgment, attached

hereto as **Exhibit 1**, to amend and supplement the Petition for Declaratory Judgment previously

filed by the Succession ("Original Petition"), pursuant to Louisiana Code of Civil Procedure

article 1151.

1.  The Original Petition was filed on June 17, 2011.

2.  Defendant, Brennan's Inc. filed its answer on July 25, 2011.

3.  The Succession seeks to amend and supplement its Original Petition to allege additional

    factual developments that support the Succession's claim for declaratory relief.

4.  Undersigned counsel has attempted to contact counsel to obtain consent to the filing of its

    First Amendment to Petition for Declaratory Judgment and has not yet received a

    response.


WHEREFORE, the Succession prays that this Court grant this motion and allow the

Succession to file its First Amendment to Petition for Declaratory Judgment, attached hereto

1

4-25-12

as **Exhibit 1**, into the record and for such other and further relief to which the Succession may be entitled in law and equity.

Respectfully submitted,

*Margot Want*

**PHILIP A. FRANCO (#5819)**
MARGOT LILLY KRAMER WANT (#32754)
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana 70139
(504) 581-3234 Telephone
(504) 566-0210 Facsimile
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by transmitting same via facsimile, by transmitting same via electronic mail, by hand delivering same and/or by placing same in the United States mail, postage prepaid and properly addressed, this **25** th day of April, 2012.

*Margot Want*

2

FILED

2012 APR 25  A 10: 18

CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458                                           DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____     _____

DEPUTY CLERK

## CERTIFICATE OF ATTEMPT TO OBTAIN CONSENT

The undersigned counsel hereby certifies that an attempt to obtain consent for the filing
and granting of the Motion for Leave to File First Amended and Supplemental Petition for
Declaratory Judgment filed by Petitioner was made by e-mail dated April 23, 2012 to counsel of
record for Defendant, Brennan's Inc.; undersigned counsel did not receive a response to their
inquiries as to whether the Defendant consented to the amendment of the Petition.

PHILIP A. FRANCO (#5819)
MARGOT LILLY KRAMER WANT (#32754)
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana 70139
(504) 581-3234 Telephone
(504) 566-0210 Facsimile
*Attorneys for Plaintiffs*

FILED

2012 APR 25  A 10: 18

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

CIVIL
DISTRICT COURT

STATE OF LOUISIANA

No. 2011-06458

DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____     _____

DEPUTY CLERK

ORDER

*The Court,* having considered the Motion for Leave to File First Amended and

Supplemental Petition for Declaratory Judgment  filed by plaintiffs Shawn Tiffany Brennan and

Samantha Scott Brennan, in their capacity as the co-executors of the Succession of James

Charles Brennan and finding good cause exists to grant the same, accordingly; it is

**ORDERED** that the Motion for Leave to File First Amended and Supplemental Petition

for Declaratory Judgment  be and the same is hereby GRANTED; the Succession's First

Amended and Supplemental Petition for Declaratory Judgment is hereby entered into the record.

New Orleans, Louisiana, this 25th day of April , 2012.

JUDGE

FILED

2012 APR 25  A 10: 18

CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458

DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____   _____

DEPUTY CLERK

ORDER

*The Court,* having considered the Motion for Leave to File First Amended and

Supplemental Petition for Declaratory Judgment  filed by plaintiffs Shawn Tiffany Brennan and

Samantha Scott Brennan, in their capacity as the co-executors of the Succession of James

Charles Brennan and finding good cause exists to grant the same, accordingly; it is

**ORDERED** that the Motion for Leave to File First Amended and Supplemental Petition

for Declaratory Judgment  be and the same is hereby GRANTED; the Succession's First

Amended and Supplemental Petition for Declaratory Judgment is hereby entered into the record.

New Orleans, Louisiana, this ___ day of _____, 2012.

_____

JUDGE

**Exhibit 1**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458                                        DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____  _____
                                        DEPUTY CLERK

**FIRST AMENDED AND SUPPLEMENTAL
PETITION FOR DECLARATORY JUDGMENT**

NOW INTO COURT, through undersigned counsel, come plaintiffs Shawn Tiffany Brennan and Samantha Scott Brennan, in their capacity as the co-executors of the Succession of James Charles Brennan ("Succession"), who supplement and amend the Succession's Petition for Declaratory Judgment ("Original Petition"), in accordance with Louisiana Code of Civil Procedure article 1151 in the following manner

I

The Succession adopts and reasserts the allegations of Paragraphs 1-11.

II.

The Succession hereby restates Paragraph 12 of its Original Petition to read as follows:

12.

In accordance with the terms of the Stock Redemption Agreement, within ninety days of Jimmy's death, the representatives of the Succession agreed to sell Jimmy's shares to Brennan's Inc. in exchange for a promissory note, attached as **Exhibit A**, (the "Promissory Note"), in the amount of $2,068,976.00, payable in monthly installments of $18,000.00 until paid in full.

12a.

Pursuant to the Promissory Note, each installment is due and payable on the 1st day of the month and, in the "event of any delinquency in any payment of any principal or interest, or other payment obligation due on [the Promissory Note] and the failure by the [Brennan's Inc.] to

cure said Default within ten (10) days of such Default, the whole principal sum of this note plus accrued interest shall, at the option of the holder of this note, become immediately due and payable without notice or demand. In such event, the outstanding principal balance of this note and all past due interest thereon shall bear interest at a per annum rate equal to the rate otherwise applicable hereunder plus fiver percent (5.00%) per annum . . . ."

12b.

Brennan's Inc. did not deliver its December 2011 installment payment to the succession until December 13, 2011, three days after the expiration of the ten day "grace period." Accordingly, all amounts due by Brennan's Inc. under the Promissory Note have been accelerated and are immediately due and payable.

12c.

As of April 23, 2012, Brennan's Inc. owes an outstanding balance of all interest and principal on the Promissory Note in the amount of $1,970,506.95, with interest that continues to accrue at the default rate of 10%.

12d.

Pursuant to the terms of the Promissory Note, Brennan's Inc. agreed to pay attorney's fees and costs.

III.

The Succession adopts and reasserts the allegations in paragraphs 13-15 of the Original Petition.

IV.

The Succession restates paragraphs 16-19 of the Original Petition to read as follows:

16.

Brennan's Inc., under the exclusive control of Ted, has demanded that the Succession pay the full amount of Jimmy's outstanding personal loan to Brennan's Inc. immediately.

17.

The amounts due by Brennan's Inc. to the Succession under the Promissory Note exceed the amounts claimed to be due by the Succession to Brennan's Inc. on the shareholder's loans, and because the  amount  due to the Succession is liquidated and presently due, such amount

must, as a matter of law, be setoff against the amount due from the Succession pursuant to Louisiana Civil Code article 1893.

18.

Pursuant to Louisiana Code of Civil Procedure article 1871, et seq., the Succession is entitled to a declaratory judgment that the outstanding loan in the amount of $1,615,281.10 claimed to be due by the Succession to Brennan's Inc. is set off against the amount of $1,970,506.95 due by Brennan's Inc. to the Succession on the Promissory Note, leaving a balance due to the Succession of $355,225.85 payable immediately, with interest accruing at the default rate of 10%, plus attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, pray that defendants Brennan's Inc. be ordered to appear and answer this Petition for Declaratory Judgment in accordance with the law and that after due proceedings had there be judgment in favor of Plaintiffs and against Brennan's Inc. entered as follows:

1. For a declaratory judgment that the outstanding loan in the amount of $1,615,281.10 due by the Succession to Brennan's Inc. is set off against the amount of $1,970,506.95 due by Brennan's Inc. to the Succession on the Promissory Note, leaving a balance due to the Succession of $355,225.85  payable immediately, with interest accruing at the default rate of 10%, plus attorney's fees and costs

2. For all costs of these proceedings; and

3. or all other equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

*Margot Want*

PHILIP A. FRANCO (#5819)
MARGOT LILLY KRAMER WANT (#32754)
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana 70139
(504) 581-3234 Telephone
(504) 566-0210 Facsimile
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by transmitting same via facsimile, by transmitting same via electronic mail, by hand delivering same and/or by placing same in the United States mail, postage prepaid and properly addressed, this _25_ th day of April, 2012.

_Margot Want_

Oct 15 10 04:54p      Bridget Brennan Tyrrell     504 617 6046          p.9

# PROMISSORY NOTE

$2,068,976.00

October 15, 2010
New Orleans, Louisiana

FOR VALUE RECEIVED, and in accordance with the terms of that certain Agreement dated even date herewith, the undersigned promises to pay to the order of SHAWN TIFFANY BRENNAN and SAMANTHA SCOTT BRENNAN, in their capacity as the duly appointed Dative Independent Co-Executors of the Succession of James Charles Brennan, at 723 Bay Road, Mill Valley, California, 94941, or at such other address as the holder hereof may designate in writing, Two Million Sixty-Eight Thousand Nine Hundred Seventy-Six and No/100 ($2,068,976.00) DOLLARS, with interest thereon from date until paid at the interest rate charged by Citibank for unsecured ninety (90) day loans to large responsible commercial or industrial borrowers ("Prime Rate"), which rate shall change when and as the Prime Rate shall change and shall be effective when such change in the Prime Rate becomes effective, but under no circumstances shall the interest rate be less than five (5%) percent per annum nor more than ten (10%) percent per annum. The maker of this note reserves the right to pre-pay all or any part of this obligation without penalty.

This note shall be paid in equal, consecutive monthly installments of principal and interest in the amount of Eighteen Thousand and No/100 DOLLARS ($18,000.00) each, which installments shall be due and payable on the 1st day of each month commencing on January 1, 2011, and continuing on the 1st day of each succeeding month thereafter, until paid. All payments shall be applied first to interest due and accrued and then to principal.

The maker of this note, and any endorser(s), guarantor(s), and surety or sureties to this note, hereby waive presentment for payment, demand, notice of nonpayment, protest, notice of protest, dishonor, notice of dishonor, and all pleas of division and discussion, and agree that the payment hereof may be extended from time to time, one or more times, without notice of extension(s) and without previous consent hereby binding itself, unconditionally, and as original promissor, for the payment hereof in principal, interest, costs, and attorney's fees. All parties hereto further agree that they hereby consent to all of the terms and conditions hereof, and that no modification hereof shall be binding unless hereon endorsed in writing and signed by the parties.

No delay on the part of the holder hereof in exercising any rights hereunder shall operate as a waiver of such rights.

In the event of any delinquency in any payment of any principal or interest, or other payment obligation due on this note ("Default") and the failure by the Company to cure said Default within ten (10) days of such Default, the whole principal sum of this



EXHIBIT

A

note plus accrued interest shall, at the option of the holder of this note, become immediately due and payable without notice or demand. In such event, the outstanding principal balance of this note and all past due interest thereon shall bear interest at a per annum rate equal to the rate otherwise applicable hereunder plus five percent (5.00%) per annum, or, if such increased rate of interest may not be collected under applicable law, then at the maximum rate of interest which may be collected under applicable law. A payment made by check which is subsequently dishonored shall be delinquent unless replaced with certified funds prior to the tenth (10th) day after the original due date of the dishonored payment.

Should any payment on this note not be paid when due, as herein provided, or should it become necessary to employ an attorney to enforce the same or recover the amount thereof or any portion of same, or should this note be placed in the hands of an attorney for collection or compromise or other action, for any reason, the maker, and any endorser(s), surety or sureties and/or guarantor(s) of this note agree to pay the reasonable fees of the attorney who may be employed for that purpose.

Every person at any time liable for payment of the debt evidenced hereby waives any homestead or exemption right against said debt.

BRENNAN'S, INC.

By: _Theodore M. Brennan_

Print Name: _Theodore M. Brennan_

Title: _President_

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458                                        DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____   _____
                                        DEPUTY CLERK

MAY 1 8 2012

DEPUTY CLERK
CIVIL DISTRICT COURT

## MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, come Shawn Tiffany Brennan and

Samantha Scott Brennan, in their capacity as independent co-executors of the Succession of

James Charles Brennan (the "Succession") and respectfully move this Court, pursuant to La.

Code Civ. P. art. 966, for an order granting summary judgment in favor of the Succession and

against Brennan's Inc. ("Brennan's").

In support of the motion, the Succession submits the attached Memorandum in Support of

Motion for Summary Judgment and further avers that:

1. As of April 23, 2012, Brennan's owes the Succession an outstanding balance of all

   interest and principal on a promissory note in the amount of $1,970,506.95, with interest

   that continues to accrue at the default rate of 10%.

2. Brennan's claims the Succession is liable for a shareholder loan in the amount of

   $1,615,281.1.

3. As a matter of law, these amounts are set off against one another.

WHEREFORE, for the reasons set forth in the attached Memorandum in Support of Motion

for Summary Judgment, the Succession the prays that this Court grant summary judgment in

favor of the Succession and enter a declaratory judgment that the outstanding loan in the amount

of $1,615,281.10 claimed to be due by the Succession to Brennan's Inc. is set off against the

amount of $1,970,506.95 due by Brennan's Inc. to the Succession on the promissory note,

leaving a balance due to the Succession of $355,225.85 payable immediately, with interest

accruing at the default rate of 10%, plus attorney's fees and costs, and for all other equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

PHILIP A. FRANCO (#5819)
MARGOT LILLY KRAMER WANT (#32754)
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana 70139
(504) 581-3234 Telephone
(504) 566-0210 Facsimile
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by transmitting same via facsimile, by transmitting same via electronic mail, by hand delivering same and/or by placing same in the United States mail, postage prepaid and properly addressed, this 18 th day of May, 2012.

2

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458                                        DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____

FILED
MAY 1 8 2012

DEPUTY CLERK
CIVIL DISTRICT COURT

_____
DEPUTY CLERK

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, come Shawn Tiffany Brennan and

Samantha Scott Brennan, in their capacity as independent co-executors of the Succession of

James Charles Brennan (the "Succession") and respectfully submit this memorandum to set for

the reasons this Court should grant summary judgment in favor of the Succession and against

Brennan's Inc. ("Brennan's").

Summary of the Argument

The legal issue here is simple and clear cut. Pursuant to a promissory note, Brennan's

owes the Succession an outstanding balance of all interest and principal on a promissory note in

the amount of $1,970,506.95, with interest that continues to accrue at the default rate of 10%.

This amount is presently due and payable because Brennan's failed to make its December 2011

installment on the promissory note within the ten day grace period. Brennan's Inc. has claimed

that the Succession owes Brennan's $1,615,281.10 to repay the shareholder loans of James

Charles Brennan. As a matter of law, the amounts owed to the Succession must be setoff against

the amount due from the Succession pursuant to Louisiana Civil Code article 1893. Accordingly,

the Succession moves this Court for a judgment declaring that Brennan's owes the Succession

the remaining balance of $355,225.85 payable immediately, with interest accruing at the default

rate of 10%, plus attorney's fees and costs.

## Background

At the time of his death, James Charles Brennan ("Jimmy"), owned one-third of the stock of Brennan's Inc. Jimmy's brothers, Owen E. Brennan, Jr. ("Pip") and Theodore M. Brennan ("Ted"), each also owned one-third of the stock of Brennan's Inc. After Jimmy's death, Shawn Tiffany Brennan and Samantha Scott Brennan were duly appointed as Dative and Independent Co-Executors of the Succession. Pursuant to a Stock Redemption Agreement between Jimmy, Pip, Ted and Brennan's, on October 15, 2010, the Succession agreed to sell Jimmy's shares back to Brennan's in exchange for a promissory note signed by Brennan's Inc. in favor of the Succession in the amount of $2,068,976.00, payable in monthly installments of $18,000.00 until paid in full (the "Promissory Note", attached as **Exhibit A**). Pursuant to the terms of the Promissory Note, installment payments are due on the 1st of each month. *Id.* The Promissory Note provides for a ten day grace period to cure any default for failure to timely make an installment payment. *Id.* If Brennan's has not made its installment payment within ten days of its due date, the Promissory Note requires that "the whole principal sum of this note plus accrued interest shall, at the option of the holder of this note, become immediately due and payable without notice or demand." *Id.* Further, "the outstanding principal balance of this note and all past due interest thereon shall bear interest at a per annum rate equal to the rate otherwise applicable hereunder plus five  percent (5.00%) per annum . . . ." *Id.* The Promissory Note also requires the payment of attorney's fees in the case any payment is not paid when due. *Id.*

The Succession did not receive Brennan's December 2011 installment payment on December 1, 2011. (Aff. of Shawn Brennan, **Exhibit B**). The Succession had not received the payment by December 11, 2011. *Id.* Brennan's December 2011 payment was both mailed to and received by the Succession via Federal Express after December 11, 2011. Id. Brennan's December 2011 payment was, therefore, made after the expiration of the ten day grace period. Although notice or demand is not required by the Promissory Note, on January 12, 2012, the Succession notified Brennan's that the Succession would exercise its option to accelerate the entire principal and interest due under the Promissory Note. (Jan. 12, 2012 Letter, **Exhibit C**). As of April 23, 2012, the amount outstanding on the Promissory Note is $1,970,506.94. (Cash

Flow and Amortization Schedule, **Exhibit D**). The Succession amended its petition on April 25, 2012 to reflect the acceleration of the Promissory Note.

Over the years, Jimmy, Ted and Pip received shareholders loans from Brennan's. After Jimmy's death, Brennan's demanded immediate payment by the Succession of shareholder loans of James Charles Brennan in the aggregate amount of $1,615,281.10. (Aff. of Shawn Brennan, **Exhibit B**).

**Law and Argument**

**I.    Standard for Summary Judgment in this Matter**

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. LA. CODE CIV. PROC. art. 966. "[T]he procedure is favored and must be construed to accomplish these ends." Douglass v. Easton, 06-1404, p.2 (La. App. 3 Cir. 3/7/07); 953 So. 2d 157, 159. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Babin v. Winn-Dixie La., Inc., 00-0078 (La. 6/30/00), 764 So. 2d 37, 39 (citing LA. CODE CIV. PROC. art. 966(B)). Facts are material when their existence or nonexistence may be essential to a plaintiff's cause of action under the applicable theory of recovery. Id. at 751; see also LA. CODE CIV. PROC. art. 966(B). When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. LA. CODE CIV. PROC. art. 967.

**II.   The Amount Brennan's Owes on the Promissory Note is Liquidated and Presently Due.**

Louisiana Civil Code article 1893 provides that "Compensation takes place by operation of law when two persons owe to each other sums of money . . . and these sums . . . are liquidated and presently due. In such a case, compensation extinguishes both obligations to the extent of the lesser amount." Moreover, "[d]elays of grace do not prevent compensation." Id. The amounts liquidated and presently due here are the $1,615,281.10 shareholder loan owed by the Succession to Brennan's and the $1,970,506.94 due on the Promissory Note as of April 23, 2012.

3

Although the Promissory Note calls for installment payments, because Brennan's Inc. failed to timely make its December 2011 payment within the 10 day grace period, the Promissory Note permits the acceleration of all principal and interest due under the Promissory Note. The Succession has exercised its option to accelerate the amounts due and, although the Promissory Note does not require notice or demand in order to exercise this option, the Succession has provided notice and demand to Brennan's in the January 12, 2012 letter. Accordingly, as of the time Brennan's failed to timely make its December 2011 payment, the amounts due on the Promissory Note are liquidated and presently due.

Compensation operates as a matter of law. The Succession owes Brennan's $1,615,281.10, and Brennan's owes the Succession $1,970,506.94. Accordingly, the obligations are extinguished pursuant to article 1893 to the extent of the lesser amount, leaving $355,225.85 payable to the Succession by Brennan's immediately, with interest accruing at the default rate of 10%, plus attorney's fees and costs.

## Conclusion

For the foregoing reasons, the Succession prays that this Court grant summary judgment in favor of the Succession and enter a declaratory judgment that the outstanding loan in the amount of $1,615,281.10 claimed to be due by the Succession to Brennan's Inc. is set off against the amount of $1,970,506.95 due by Brennan's Inc. to the Succession on the Promissory Note, leaving a balance due to the Succession of $355,225.85 payable immediately, with interest accruing at the default rate of 10%, plus attorney's fees and costs, and for all other equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

*Margot Want*

PHILIP A. FRANCO (#5819)
MARGOT LILLY KRAMER WANT (#32754)
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana 70139
(504) 581-3234 Telephone
(504) 566-0210 Facsimile
*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by transmitting same via facsimile, by transmitting same via electronic mail, by hand delivering same and/or by placing same in the United States mail, postage prepaid and properly addressed, this _18_ th day of May, 2012.

_____
MARGOT L. K. WANT

5

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458                                           DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____          _____
                                              DEPUTY CLERK

FILED

MAY 1 5 2012

DEPUTY CLERK
CIVIL DISTRICT COURT

STATEMENT OF UNCONTESTED FACTS

NOW INTO COURT, through undersigned counsel, come Shawn Tiffany Brennan and
Samantha Scott Brennan, in their capacity as independent co-executors of the Succession of
James Charles Brennan (the "Succession") and respectfully submit this Statement of
Uncontested Facts in support of the Succession's Motion for Summary Judgment.

1.  On October 15, 2011, Brennan's executed a promissory note in favor of the Succession in
    the amount of $2,068,976.00, payable in monthly installments of $18,000.00 until paid in
    full (the "Promissory Note", **Exhibit A**; Aff. of Shawn Brennan, **Exhibit B**).

2.  Pursuant to the terms of the Promissory Note, installment payments are due on the 1st of
    each month. (Promissory Note, **Exhibit A**).

3.  The Promissory Note provides for a ten day grace period to cure any default for failure to
    timely make an installment payment. *Id.*

4.  If the maker has not made its installment payment within ten days of its due date, the
    Promissory Note requires that "the whole principal sum of this note plus accrued interest
    shall, at the option of the holder of this note, become immediately due and payable
    without notice or demand." *Id.*

5.  Further, the Promissory Note requires that in case of failure to make an installment
    payment within ten days of its due date, "the outstanding principal balance of this note
    and all past due interest thereon shall bear interest at a per annum rate equal to the rate
    otherwise applicable hereunder plus five percent (5.00%) per annum . . . ." *Id.*

6. The Promissory Note also requires the payment of attorney's fees in the case any payment is not paid when due. *Id.*

7. The Succession did not receive Brennan's December 2011 installment payment on December 1, 2011. (Aff. of Shawn Brennan, **Exhibit B**).

8. The Succession had not received the payment by December 11, 2011. *Id.*

9. Brennan's December 2011 payment was both mailed to and received by the Succession via Federal Express after December 11, 2011. *Id.*

10. Although notice or demand is not required by the Promissory Note, on January 12, 2012, the Succession notified Brennan's that it would exercise its option to accelerate the entire principal and interest due under the Promissory Note. (Jan. 12, 2012 Letter, **Exhibit C**).

11. As of April 23, 2012, the amount outstanding on the Promissory Note is $1,970,506.94. (Cash Flow and Amortization Schedule, **Exhibit D**).

12. Brennan's has demanded immediate payment by the Succession of shareholder loans of James Charles Brennan in the aggregate amount of $1,615,281.10. (Aff. of Shawn Brennan, **Exhibit B**).

Respectfully submitted,

*Margot Want*

PHILIP A. FRANCO (#5819)
MARGOT LILLY KRAMER WANT (#32754)
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana 70139
(504) 581-3234 Telephone
(504) 566-0210 Facsimile
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by transmitting same via facsimile, by transmitting same via electronic mail, by hand delivering same and/or by placing same in the United States mail, postage prepaid and properly addressed, this ___ th day of May, 2012.

_Margot Ward_

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458                                                    DIVISION "L"

**SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN**

VERSUS

BRENNAN'S INC.

FILED: _____    _____

                                        **DEPUTY CLERK**

FILED
MAY 1 3 2012
DEPUTY CLERK
CIVIL DISTRICT COURT

## RULE TO SHOW CAUSE

Considering the foregoing Motion for Summary Judgment filed by Shawn Tiffany Brennan and Samantha Scott Brennan, in their capacity as independent co-executors of the Succession of James Charles Brennan (the "Succession")

IT IS HEREBY ORDERED that defendant Brennan's Inc., appear and show cause on June 29, 2012, at 9:00 a.m., why the Succession's Motion for Summary Judgment should not be granted.

New Orleans, Louisiana, this 21st day of May, 2012.

**CARLA R. HILLS**

_____

~~JUDGE~~

**MINUTE CLERK**

**PLEASE SERVE:**
Brennan's Inc.
Through its counsel of record
Bridget Brennan Tyrrell
1431 Joseph St.
New Orleans, LA 70115

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.



EXHIBIT

A

# PROMISSORY NOTE

$2,068,976.00

October 15, 2010
New Orleans, Louisiana

FOR VALUE RECEIVED, and in accordance with the terms of that certain Agreement dated even date herewith, the undersigned promises to pay to the order of SHAWN TIFFANY BRENNAN and SAMANTHA SCOTT BRENNAN, in their capacity as the duly appointed Dative Independent Co-Executors of the Succession of James Charles Brennan, at 723 Bay Road, Mill Valley, California, 94941, or at such other address as the holder hereof may designate in writing, Two Million Sixty-Eight Thousand Nine Hundred Seventy-Six and No/100 ($2,068,976.00) DOLLARS, with interest thereon from date until paid at the interest rate charged by Citibank for unsecured ninety (90) day loans to large responsible commercial or industrial borrowers ("Prime Rate"), which rate shall change when and as the Prime Rate shall change and shall be effective when such change in the Prime Rate becomes effective, but under no circumstances shall the interest rate be less than five (5%) percent per annum nor more than ten (10%) percent per annum. The maker of this note reserves the right to pre-pay all or any part of this obligation without penalty.

This note shall be paid in equal, consecutive monthly installments of principal and interest in the amount of Eighteen Thousand and No/100 DOLLARS ($18,000.00) each, which installments shall be due and payable on the 1st day of each month commencing on January 1, 2011, and continuing on the 1st day of each succeeding month thereafter, until paid. All payments shall be applied first to interest due and accrued and then to principal.

The maker of this note, and any endorser(s), guarantor(s), and surety or sureties to this note, hereby waive presentment for payment, demand, notice of nonpayment, protest, notice of protest, dishonor, notice of dishonor, and all pleas of division and discussion, and agree that the payment hereof may be extended from time to time, one or more times, without notice of extension(s) and without previous consent hereby binding itself, unconditionally, and as original promissor, for the payment hereof in principal, interest, costs, and attorney's fees. All parties hereto further agree that they hereby consent to all of the terms and conditions hereof, and that no modification hereof shall be binding unless hereon endorsed in writing and signed by the parties.

No delay on the part of the holder hereof in exercising any rights hereunder shall operate as a waiver of such rights.

In the event of any delinquency in any payment of any principal or interest, or other payment obligation due on this note ("Default") and the failure by the Company to cure said Default within ten (10) days of such Default, the whole principal sum of this

note plus accrued interest shall, at the option of the holder of this note, become immediately due and payable without notice or demand. In such event, the outstanding principal balance of this note and all past due interest thereon shall bear interest at a per annum rate equal to the rate otherwise applicable hereunder plus five percent (5.00%) per annum, or, if such increased rate of interest may not be collected under applicable law, then at the maximum rate of interest which may be collected under applicable law. A payment made by check which is subsequently dishonored shall be delinquent unless replaced with certified funds prior to the tenth (10th) day after the original due date of the dishonored payment.

Should any payment on this note not be paid when due, as herein provided, or should it become necessary to employ an attorney to enforce the same or recover the amount thereof or any portion of same, or should this note be placed in the hands of an attorney for collection or compromise or other action, for any reason, the maker, and any endorser(s), surety or sureties and/or guarantor(s) of this note agree to pay the reasonable fees of the attorney who may be employed for that purpose.

Every person at any time liable for payment of the debt evidenced hereby waives any homestead or exemption right against said debt.

BRENNAN'S, INC.

By: _Theodore M. Bm_

Print Name: _Theodore M. Brennan_

Title: _President_

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458                                        DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____   _____
                                              DEPUTY CLERK
                                              **AFFIDAVIT**

STATE OF [CALIFORNIA]

COUNTY OF _Marin_____

      BEFORE ME, the undersigned authority, personally came and appeared:

               SHAWN TIFFANY BRENNAN

who, being by me first duly sworn did depose and say that:

1. I am one of the duly appointed Dative and Independent Co-Executors of the Succession of James Charles Brennan (the "Succession").

2. On October 15, 2011, Brennan's executed a promissory note in favor of the Succession in the amount of $2,068,976.00, payable in monthly installments of $18,000.00 until paid in full, a true and correct copy of which is attached as **Exhibit 1** (the "Promissory Note").

3. The Succession did not receive Brennan's Inc.'s December 2011 installment payment due under the Promissory Note on December 1, 2011.

4. The Succession had not received the December 2011 installment payment due under the Promissory Note by December 11, 2011.

5. Brennan's December 2011 payment due under the Promissory Note was both mailed to and received by the Succession via Federal Express after December 11, 2011. A copy of the Fed Ex envelope and Airbill is attached hereto as **Exhibit 2**.

6. Brennan's has demanded immediate payment by the Succession of shareholder loans of James Charles Brennan in the aggregate amount of $1,615,281.10.

7. The foregoing facts are true and correct to the best of my knowledge.

                            _____
                            SHAWN TIFFANY BRENNAN

Sworn to and Subscribed Before Me,
Notary, this   4   day of May, 2012.

_____
Notary Public
Printed Name: Dana Orlando
Notary No. 1960344
My Commission Expires:   12-9-15

DANA ORLANDO
COMM. # 1960344
NOTARY PUBLIC-CALIFORNIA
CONTRA COSTA COUNTY
MY COMM. EXP. DEC. 9, 2015

**EXHIBIT**

**B**



ADAMS AND REESE LLP

Attorneys at Law
Alabama
Florida
Louisiana
Mississippi
Tennessee
Texas
Washington, DC

January 12, 2012

Mark S. Embree
Board Certified Tax Specialist
LL.M. Taxation
(504) 585-0247
E-Fax: (504) 596-7907
mark.embree@arlaw.com

*Certified Mail – Return Receipt Requested*

Bridget Brennan Tyrrell
Theodore Brennan
Brennan's, Inc.
417 Royal Street
New Orleans, LA 70130

Dear Mr. Brennan and Ms. Tyrrell:

Please be advised that on behalf of the Succession of James C. Brennan, Shawn Tiffany Brennan and Samantha Scott Brennan, Dative Independent Co-Executors (the "Estate"), the Estate has elected its option to accelerate all of the principal indebtedness due under that certain promissory note dated October 15, 2010 executed by Brennan's, Inc. (the "Note").

Under the terms of the Note, monthly payments of $18,000 are due on the 1st day of each month. The Note further provides:

> "In the event of any delinquency in any payment of any principal or interest or other payment obligation due on this note ("Default") and the failure by the Company to cure said Default within ten (10) days of such Default, the whole principal sum of this note plus accrued interest shall, at the option of the holder of this note, become immediately due and payable without notice or demand."

The payment due the Estate under the Note on December 1, 2011 was both mailed to and received by the Estate via Federal Express beyond the aforesaid ten (10) day grace period. Accordingly, the Estate is exercising its option to accelerate the entire principal due under the Note. The balance due under the Note as of December 20, 2011 was $1,973,078.98.

Moreover, the Estate is also exercising its right now to set off the outstanding Brennan's, Inc. shareholder loan owed by the Estate against the principal and interest due under the Note. Pursuant to Louisiana Civil Code article 1893 *et seq.*, compensation takes place by operation of law when two persons owe to each other sums of money identical in kind and these sums are liquidated and presently due. In such a case, compensation extinguishes both obligations to the extent of the lesser amount.

One Shell Square | 701 Poydras Street, Suite 4500 | New Orleans, Louisiana 70139 | 504.581.3234 | Fax 504.566.0210

www.adamsandreese.com



**EXHIBIT**

C

*January 12, 2012*
*Page 2*

At the time of his death, James C. Brennan ("Jimmy") was a shareholder of Brennan's, Inc. Jimmy had an outstanding shareholder loan of $1,615,281.10 ("Shareholder Loan").

Because of the acceleration of the indebtedness owed the Estate under the Note, this indebtedness shall be set off against the Shareholder Loan. The Shareholder Loan is now deemed satisfied in full.

The remaining balance of $357,797.88 under the Note as of December 20, 2011, is now due and payable in full. Under the Note, the outstanding principal balance shall bear interest at a per annum rate equal to the rate otherwise applicable plus five percent (5%) per annum. Accordingly, the current interest rate under the Note with respect to the balance is now accruing at ten percent (10%) per annum.

Please let me know if you have any questions or comments regarding the foregoing.

Very truly yours,

ADAMS AND REESE LLP

MARK S. EMBREE

MSE/lsw

04/23/2012  9:58:03 AM  Page 1

ESTATE OF JAMES BRENNAN TO BRENNAN'S, INC.

Rate Period ................... :  Exact Days

Nominal Annual Rate .... :  5.000 %

CASH FLOW DATA

| Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 10/15/2010 | 2,068,976.00 | 1 | | |
| 2 Payment | 01/01/2011 | 18,000.00 | 11 | Monthly | 11/01/2011 |
| 3 Rate Change | 12/11/2011 | Rate: 10.000 % | Rate Period: Exact Days | | |
| 4 Payment | 12/13/2011 | 18,000.00 | 1 | | |
| 5 Payment | 01/01/2012 | 18,000.00 | 4 | Monthly | 04/01/2012 |
| 6 Payment | 04/23/2012 | 1,970,506.95 | 1 | | |

AMORTIZATION SCHEDULE - U.S. Rule (no compounding)

| | Date | Payment | Interest Accrued | Interest Paid | Principal Paid | Interest | Balance Due Principal | Total |
|---|---|---|---|---|---|---|---|---|
| Loan | 10/15/2010 | | 0.00 | 0.00 | 0.00 | 0.00 | 2,068,976.00 | 2,068,976.00 |
| 2010 Totals | | 0.00 | 0.00 | 0.00 | 0.00 | | | |
| 1 | 01/01/2011 | 18,000.00 | 22,106.87 | 18,000.00 | 0.00 | 4,106.87 | 2,068,976.00 | 2,073,082.87 |
| 2 | 02/01/2011 | 18,000.00 | 8,786.06 | 12,892.93 | 5,107.07 | 0.00 | 2,063,868.93 | 2,063,868.93 |
| 3 | 03/01/2011 | 18,000.00 | 7,916.21 | 7,916.21 | 10,083.79 | 0.00 | 2,053,785.14 | 2,053,785.14 |
| 4 | 04/01/2011 | 18,000.00 | 8,721.55 | 8,721.55 | 9,278.45 | 0.00 | 2,044,506.69 | 2,044,506.69 |
| 5 | 05/01/2011 | 18,000.00 | 8,402.08 | 8,402.08 | 9,597.92 | 0.00 | 2,034,908.77 | 2,034,908.77 |
| 6 | 06/01/2011 | 18,000.00 | 8,641.39 | 8,641.39 | 9,358.61 | 0.00 | 2,025,550.16 | 2,025,550.16 |
| 7 | 07/01/2011 | 18,000.00 | 8,324.18 | 8,324.18 | 9,675.82 | 0.00 | 2,015,874.34 | 2,015,874.34 |
| 8 | 08/01/2011 | 18,000.00 | 8,560.56 | 8,560.56 | 9,439.44 | 0.00 | 2,006,434.90 | 2,006,434.90 |
| 9 | 09/01/2011 | 18,000.00 | 8,520.48 | 8,520.48 | 9,479.52 | 0.00 | 1,996,955.38 | 1,996,955.38 |
| 10 | 10/01/2011 | 18,000.00 | 8,206.67 | 8,206.67 | 9,793.33 | 0.00 | 1,987,162.05 | 1,987,162.05 |
| 11 | 11/01/2011 | 18,000.00 | 8,438.63 | 8,438.63 | 9,561.37 | 0.00 | 1,977,600.68 | 1,977,600.68 |
| Rate | 12/11/2011 | | 10,836.17 | 0.00 | 0.00 | 10,836.17 | 1,977,600.68 | 1,988,436.85 |
| | 12/11/2011 | Rate: 10.000 % | Rate Period: Exact Days | | | | | |
| 12 | 12/13/2011 | 18,000.00 | 1,083.62 | 11,919.79 | 6,080.21 | 0.00 | 1,971,520.47 | 1,971,520.47 |
| 2011 Totals | | 216,000.00 | 118,544.47 | 118,544.47 | 97,455.53 | | | |
| 13 | 01/01/2012 | 18,000.00 | 10,262.71 | 10,262.71 | 7,737.29 | 0.00 | 1,963,783.18 | 1,963,783.18 |
| 14 | 02/01/2012 | 18,000.00 | 16,678.71 | 16,678.71 | 1,321.29 | 0.00 | 1,962,461.89 | 1,962,461.89 |
| 15 | 03/01/2012 | 18,000.00 | 15,592.16 | 15,592.16 | 2,407.84 | 0.00 | 1,960,054.05 | 1,960,054.05 |
| 16 | 04/01/2012 | 18,000.00 | 16,647.03 | 16,647.03 | 1,352.97 | 0.00 | 1,958,701.08 | 1,958,701.08 |
| 17 | 04/23/2012 | 1,970,506.95 | 11,805.87 | 11,805.87 | 1,958,701.08 | 0.00 | 0.00 | 0.00 |
| 2012 Totals | | 2,042,506.95 | 70,986.48 | 70,986.48 | 1,971,520.47 | | | |
| Grand Totals | | 2,258,506.95 | 189,530.95 | 189,530.95 | 2,068,976.00 | | | |



EXHIBIT

D



**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO.: 2011-6458               SECTION 6               DIVISION "L"

**SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN**

**VERSUS**

**BRENNAN'S, INC.**

FILED: _____        _____
                                        **DEPUTY CLERK**

<u>**INTERVENORS' MOTION FOR LEAVE TO INTERVENE**</u>

NOW INTO COURT, through undersigned counsel, come Intervenors, Edward Tuck

Colbert and Kenyon & Kenyon, LLP ("Intervenors"), who respectfully request leave from this

Court to file the attached Petition for Intervention and to intervene in this suit. Intervenors aver

that, for the reasons detailed in the Petition for Intervention, intervention is necessary to protect

rights related to or connected with the object of the pending action.

WHEREFORE, Intervenors, Edward Tuck Colbert and Kenyon & Kenyon, LLP, pray

that this Court grant them leave to file the attached Petition for Intervention and intervene in this

suit.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

GUS A. FRITCHIE III (#5751)
DAVID W. O'QUINN (#18466)
EDWARD W. TRAPOLIN (#27667)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100

*Counsel for plaintiffs, Edward Tuck Colbert
and Kenyon & Kenyon, LLC*

00137783                                1

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by mailing the same to each by First Class United States Mail, properly addressed and postage prepaid on this 5/ day of June, 2012.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED 2012 JUN -5 P 4:56 CIVIL DISTRICT COURT

NO.: 2011-6458                    SECTION 6                    DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED: _____          _____
                                              DEPUTY CLERK

### RULE TO SHOW CAUSE

Considering the Intervenors' foregoing Petition for Intervention;

IT IS ORDERED that Plaintiffs, Tiffany Brennan and Samantha Scott Brennan in their

capacity as independent co-executives of the Succession of James Charles Brennan, and

Defendant, Brennan's, Inc., show cause on the 29th day of June, 2012, at 9

a.m., why the intervention should not be allowed.

New Orleans, Louisiana, this 7th day of June, 2012.

_____
DISTRICT JUDGE

**PLEASE SERVE:**

Philip A. Franco, Esq.
Adams and Reese
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139-7755
Counsel for Shawn Tiffany Brennan and Samantha Scott Brennan in their capacity as
independent co-executives of the Succession of James Charles Brennan

Brennan's, Inc.
Through its attorney of record:
Bridget Brennan Tyrrell, Esq.
1431 Joseph Street
New Orleans, Louisiana 70115

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

00137744

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2011-6458                    SECTION 6                    DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED: _____         _____
                                          **DEPUTY CLERK**

## PETITION FOR INTERVENTION

Pursuant to Article 1091 *et seq.*, of the Louisiana Code of Civil Procedure, Edward Tuck Colbert and Kenyon & Kenyon, LLP ("Intervenors"), respectfully file this Petition for Intervention to protect rights related to or connected with the object of the pending action, as appears from the following:

1.

Edward Tuck Colbert is a person of the full age of majority, residing and domiciled in the District of Columbia.

2.

Kenyon & Kenyon, LLP is a Limited Liability Partnership organized under the laws of the State of New York and having its principal place of business in that State. Edward Tuck Colbert and Kenyon & Kenyon, L.L.P. are judgment creditors of Brennan's, Inc. A judgment in their favor was entered March 31, 2011. A copy of that judgment is attached as Exhibit "A." As of May 31, 2012, the total amount of the judgment, including interest, is $3,168,012.64.

3.

A second judgment against Brennan's, Inc. was entered in Intervenors' favor on June 14, 2011. A copy of this judgment is attached as Exhibit "B." The amount of this judgment, including interest as of May 31, 2012, is $840,384.43. The total amount due Intervenors from both judgments (collectively "the Judgment") is thus $4,008,397.37 as of May 31, 2012.

4.

Brennan's, Inc. has paid no portion of the Judgment.  While the Judgment is presently on appeal in the Louisiana state appellate courts, the Judgment is executory, as Brennan's, Inc. was unable to post bond to suspend the execution of the Judgment.  Intervenors have filed their judgments in the mortgage records and have a judicial mortgage upon the assets of Brennan's, Inc.

5.

In this action, the Succession of James Charles Brennan (the "Succession") seeks a declaration that $1,615,281.10 in loans owed by the Succession to Brennan's, Inc. should be immediately offset against alleged indebtedness from Brennan's, Inc. to the Succession in the amount of $1,970,406.95.

6.

The subject matter and object of this action therefore threaten to infringe upon Intervenors' rights.  More specifically, the amount of the Judgment is presently due and payable from Brennan's, Inc.  The loan indebtedness from the Succession is presently due and payable to Brennan's, Inc.  The $1,615,281.10 owed by the Succession should be immediately available to Intervenors as judgment creditors of Brennan's, Inc.  A declaration that the Succession is entitled to offset its debt to Brennan's, Inc. against alleged indebtedness owed by Brennan's, Inc. threatens to impair Intervenors' ability to execute upon their Judgment and the assets available to them for that execution.

7.

To protect their rights, Intervenors therefore desire to intervene in this action, conduct discovery, and defend the Petition for Declaratory Judgment filed by the Succession.

8.

On their own and on behalf of Brennan's, Inc., Intervenors deny that the indebtedness allegedly due from Brennan's, Inc. to the Succession is immediately due and payable or otherwise subject to being offset against the indebtedness of the Succession to Brennan's, Inc.

9.

The Succession has filed a Motion for Summary Judgment that is presently set for hearing on June 29, 2012.  Intervenors will be filing a Motion to Continue that hearing so they can have an opportunity to conduct discovery to oppose the Motion for Summary Judgment.

10.

Intervenors also seek a judgment against the Succession in the amount of the loan or indebtedness admittedly due to Brennan's, Inc., $1,615,281.10.

WHEREFORE, the foregoing Petition for Intervention being considered, Intervenors, Edward Tuck Colbert and Kenyon & Kenyon, LLP, respectfully pray for the following:

1)      An Order allowing them to intervene in this action and participate to the full extent necessary to protect their rights as judgment creditors of Brennan's, Inc.;

2)      A continuance of the hearing on the Motion for Summary Judgment presently set for June 29, 2012, so that they may investigate and conduct discovery upon the allegations of the Petition for Declaratory Judgment filed by the Succession of James Charles Brennan, and particularly the allegation that the debt allegedly due from Brennan's, Inc. to the Succession should be immediately offset against the loans of Brennan's, Inc. to the Succession;

3)      After due proceedings are had, an Order denying that an offset of indebtedness allegedly owed by Brennan's, Inc. to the Succession of James Charles Brennan against debt owed by the Succession to Brennan's, Inc. is appropriate or proper;

4)      For judgment in favor of Edward Tuck Colbert and Kenyon & Kenyon, LLP against the Succession of James Charles Brennan for $1,615,281.10, the full amount of the indebtedness owed by the Succession of James Charles Brennan to Brennan's, Inc., plus interest as provided by law;

5)      For all costs of this proceeding; and

6)      All other equitable relief that may be appropriate under the premises.

3

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

_____

GUS A. FRITCHIE III (#5751)
DAVID W. O'QUINN (#18466)
EDWARD W. TRAPOLIN (#27667)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
*Counsel for plaintiffs, Edward Tuck Colbert
and Kenyon & Kenyon, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___57___ day of June, 2012, a copy of the above and foregoing

pleading has been served upon all counsel of record by transmitting same via electronic

transmission and/or U.S. mail, properly addressed and postage prepaid:

Philip A. Franco, Esq.
Adams and Reese
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139-7755
Counsel for Shawn Tiffany Brennan and Samantha Scott Brennan in their capacity as
independent co-executives of the Succession of James Charles Brennan

Brennan's, Inc.
Through its attorney of record:
Bridget Brennan Tyrrell, Esq.
1431 Joseph Street
New Orleans, Louisiana 70115

_____

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2011-6458                  SECTION 6                  DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED: _____        _____
                                        **DEPUTY CLERK**

**ORDER**

Considering the foregoing Petition for Intervention;

    IT IS HEREBY ORDERED that Intervenors, Edward Tuck Colbert and Kenyon &

Kenyon, LLP ("Intervenors"), have a right to intervene in this matter and to participate to the full

extent necessary to protect their rights as judgment creditors of Brennan's, Inc.

    New Orleans, Louisiana, this _____ day of June, 2012.


_____
DISTRICT JUDGE

5

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 05-08471                                                DIVISION "K-5"

BRENNAN'S INC.

VERSUS

EDWARD TUCK COLBERT, KENYON & KENYON,
LEON H. RITTENBERG, JR., and BALDWIN HASPEL, L.L.C.,
f/k/a BALDWIN & HASPEL, L.L.C.

FILED:_____     _____
                                            DEPUTY CLERK

## JUDGMENT

This cause came on for hearing, on March 18, 2011, on the Motion For Summary Judgment

On Open Account filed by the Edward Tuck Colbert and Kenyon & Kenyon, LLP;

                Honorable Herbert A. Cade, Judge, Division K, presiding;

        Present:     Edward W. Trapolin, counsel for Edward Tuck Colbert and Kenyon
                     & Kenyon, LLP;

                     Bridget Brennan Tyrrell, counsel for Brennan's Inc., Theodore
                     Brennan;

                     Jean-Paul Layrisson, counsel for Owen Brennan; and,

                     Ralph H. Wall, counsel for Shawn Tiffany Brennan and Samantha
                     Scott Brennan, in their capacity as Dative Independent Co-Executors
                     of the Succession of James Charles Brennan.

        The Court, having read the motion and memoranda of the parties; reviewed the documents

and evidence introduced into evidence without objection; considered the law and evidence; and,

heard the arguments of counsel, finds that there are no genuine issues of material fact in dispute and

that Edward Tuck Colbert and Kenyon & Kenyon, LLP are entitled to judgment in their favor and

over and against Brennan's Inc. on their Claims on Open Account.  Accordingly:

        The Motion For Summary Judgment On Open Account filed by the Edward Tuck Colbert and

Kenyon & Kenyon, LLP be and hereby is GRANTED;

        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Brennan's Inc.'s shall pay

unto Edward Tuck Colbert and Kenyon & Kenyon, LLP, the amount of outstanding attorneys' fees

00026641

1

EXHIBIT

A

and costs established by Edward Tuck Colbert and Kenyon & Kenyon, LLP, said sum being TWO MILLION ONE HUNDRED TWENTY FOUR THOUSAND ONE HUNDRED NINETY-NINE DOLLARS AND 72/00 ($2,124,199.72), plus legal interest running from July 30, 2004 until paid in full.

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that Brennan's Inc. shall pay the amount of reasonable attorneys' fees and costs incurred by Edward Tuck Colbert and Kenyon & Kenyon, LLP in proving entitlement to the outstanding amount due on open account. The amount of attorneys' fees and costs to be paid by Brennan's Inc. shall be determined at a later date and upon contradictory hearing. Edward Tuck Colbert and Kenyon & Kenyon, LLP are directed to timely file a motion to set reasonable attorneys' fees and tax costs.

This Judgment on the Motion For Summary Judgment On Open Account filed by the Edward Tuck Colbert and Kenyon & Kenyon, LLP, in the matter *Brennan's Inc. v. Colbert, et al.*, Docket #05-08471, was

READ AND SIGNED, New Orleans, Louisiana, this __3/st__ day of __March__ 2011.

(Sgd.) Herbert A. Cade
Judge - Division "K"

_____
**HERBERT A. CADE, DISTRICT JUDGE**

### RULE 9.5 CERTIFICATE

I hereby certify that the preceding Judgment was provided to counsel for Brennan's Inc. by email transmission, on March 29, 2011, and that this Judgment is intended to reconcile the differences in the judgments previously presented by Brennan's Inc. and Edward Tuck Colbert and Kenyon & Kenyon, LLP. No comment or opposition was timely received.

_____
Edward W. Trapolin,                     Date

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

00026641

2



**Civil District Court for the Parish of Orleans**
**STATE OF LOUISIANA**

No.  2005 - 08471

Section:  05 - K

BRENNAN'S INC.
versus
COLBERT, EDWARD TUCK                    ETAL

Date Case Filed:  6/23/2005

NOTICE OF SIGNING OF JUDGMENT

*Re: Motion For Judgment on Offer of Judgment*
*and Reasonable Attorney Fees*

TO:

Ralph H Wall Esq            22667
4500 One Shell Sq
701 Poydras St
New Orleans        LA 70139-8178

Jean-Paul  Layrisson Esq            20917

607 Saint Charles Ave
New Orleans        LA 70130-6100

Edward W Trapolin Esq            27667
400 poydras street
suite 2700
New Orleans        LA 70130

Bridgett Brennan Tyrrell
1431 Joseph Street
New Orleans        La 70115

In accordance with Article 1913 C.C.P., you are hereby notified that Judgment
in the above entitled and numbered cause was signed on     June 14, 2011
New Orleans, Louisiana.
June 14, 2011

**EXHIBIT**
**B**
tabbies*

_____
MINUTE CLERK

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 05-08471

DIVISION "K-5"

BRENNAN'S INC.

VERSUS

EDWARD TUCK COLBERT, KENYON & KENYON,
LEON H. RITTENBERG, JR., and BALDWIN HASPEL, L.L.C.,
f/k/a BALDWIN & HASPEL, L.L.C.

FILED:_____

_____
DEPUTY CLERK

## JUDGMENT

This cause came on for hearing, on June 8, 2011, on the Motion For Judgment on Offer of Judgment and the Motion to Set Reasonable Attorneys' Fees filed by Edward Tuck Colbert and Kenyon & Kenyon, LLP;

Honorable Herbert A. Cade, Judge, Division K, presiding;

Present:        Edward W. Trapolin, counsel for Edward Tuck Colbert and Kenyon & Kenyon, LLP; and,

Bridget Brennan Tyrrell, counsel for Brennan's Inc.

The Court, having read the motions and memoranda of movant; reviewed the documents introduced into evidence without objection; considered the law and evidence; and, heard the arguments of counsel, does hereby GRANT the Motions.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Edward Tuck Colbert and Kenyon & Kenyon, LLP be and hereby are awarded their costs incurred from the date of the presentation of the offer of judgment. Said costs have been established and are THIRTY SEVEN THOUSAND NINE HUNDRED SEVENTY-FIVE DOLLARS AND 43/100 ($37,975.43).

IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED that the Court does hereby set the reasonable attorneys' fees due and owing to Edward Trapolin, Gus Fritchie, and the law firm of Irwin Fritchie Urquhart & Moore, LLC, in accordance with La. R.S. 9:2781, on Edward Tuck Colbert's and Kenyon & Kenyon, LLP's successful prosecution of their open account claim as

00041138

1

25% of the total judgment rendered, inclusive of accrued legal interest running from June 30, 2004, said sum being SEVEN HUNDRED SEVENTY ONE THOUSAND ONE HUNDRED TEN DOLLARS AND 35/100 ($771,110.35), plus legal interest from this date until paid in full.

This Court, in accordance with La. Code Civ. Proc. art. 1915 and finding no just reason for delay, does hereby designate this judgment as a FINAL JUDGMENT for all purposes, including appeal.

This Judgment on the Motion For Judgment on Offer of Judgment and Judgment on Motion to Set reasonable Attorneys' Fees filed by the Edward Tuck Colbert and Kenyon & Kenyon, LLP, in the matter *Brennan's Inc. v. Colbert, et al.*, Docket #05-08471, was

READ AND SIGNED, New Orleans, Louisiana, this _____14_____ day of _June_, 2011.

_____
**HERBERT A. CADE, DISTRICT JUDGE**

### RULE 9.5 CERTIFICATE

I hereby certify that the preceding Judgment was provided to counsel for Brennan's Inc., on June 8, 2011, by facsimile and by email transmission. Three working days have passed and no opposition was received.

_____     6/14/11
Edward W. Trapolin,                          Date

00041138

2

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2011-6458                    SECTION 6                    DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED: _____          _____
                                                         DEPUTY CLERK

## RULE TO SHOW CAUSE

Considering the Intervenors' foregoing Petition for Intervention;

IT IS ORDERED that Plaintiffs, Tiffany Brennan and Samantha Scott Brennan in their capacity as independent co-executives of the Succession of James Charles Brennan, and Defendant, Brennan's, Inc., show cause on the _____ day of _____, 2012, at _____ a.m., why the intervention should not be allowed.

New Orleans, Louisiana, this _____ day of _____, 2012.

_____
DISTRICT JUDGE

**PLEASE SERVE:**

Philip A. Franco, Esq.
Adams and Reese
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139-7755
Counsel for Shawn Tiffany Brennan and Samantha Scott Brennan in their capacity as independent co-executives of the Succession of James Charles Brennan

Brennan's, Inc.
Through its attorney of record:
Bridget Brennan Tyrrell, Esq.
1431 Joseph Street
New Orleans, Louisiana 70115

00137744

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2011-6458                    SECTION 6                    DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED: _____      _____
                                          DEPUTY CLERK

MOTION FOR EXPEDITED HEARING
ON INTERVENORS' MOTION TO CONTINUE HEARING
ON SUCCESSION'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, come Intervenors, Edward Tuck

Colbert and Kenyon & Kenyon, LLP ("Intervenors"), who respectfully request expedited

submission and hearing on their Motion to Continue the Hearing on the Succession of James

Charles Brennan's Motion for Summary Judgment. An expedited hearing would allow the Court

to rule on Intervenors' currently pending Petition for Intervention before substantial discovery

fees and costs are incurred by Intervenors in preparing to participate in the litigation. Moreover,

it would allow all parties involved to adequately inform the Court of the pertinent issues in this

litigation and allow the parties adequate time to prepare their arguments and defend their

respective interests at the hearing on the Motion for Summary Judgment, which is currently set

for hearing on Friday, June 29, 2012, at 9:00 a.m.

Movants/Succession of James Brennan oppose Intervenors' attempts to intervene and, as

such, the Petition for Intervention and the Motion to Continue the Succession of James Charles

Brennan's Motion for Summary Judgment filed by Intervenors—both of which are currently

pending—should be decided before the Motion for Summary Judgment. Thus, it is necessary that

the Succession of James Charles Brennan's Motion for Summary Judgment be continued under

these circumstances. Due to the short time frame between the filing of the motion to continue

and the pending hearing, Intervenors aver that the expedited hearing should be held on this

Honorable Court's next available hearing date to determine whether a continuance should be granted.

WHEREFORE Intervenors respectfully request that this Court hold an expedited hearing on Intervenors' Motion for to Continue the Hearing on the Succession of James Charles Brennan's Motion for Summary Judgment at the soonest available hearing date.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

GUS A. FRITCHIE III (#5751)
DAVID W. O'QUINN (#18466)
EDWARD W. TRAPOLIN (#27667)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100

*Counsel for plaintiffs, Edward Tuck Colbert
and Kenyon & Kenyon, LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by mailing the same to each by First Class United States Mail, properly addressed and postage prepaid on this 5th day of June, 2012.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2011-6458                  SECTION 6                  DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED: _____        _____
                                                **DEPUTY CLERK**


## ORDER

Considering the foregoing Motion for Expedited Hearing on Intervenors' Motion to Continue Hearing on Motion for Summary Judgment;

IT IS HEREBY ORDERED that the Motion is GRANTED and the hearing on Intervenors' Motion to Continue Hearing on Motion for Summary Judgment is hereby set for the _____ day of _____, 2012, at _____ a.m.

New Orleans, Louisiana, this _____ day of June, 2012.


_____
DISTRICT JUDGE


**PLEASE SERVE:**

Philip A. Franco, Esq.
Adams and Reese
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139-7755
Counsel for Shawn Tiffany Brennan and Samantha Scott Brennan in their capacity as independent co-executives of the Succession of James Charles Brennan

Brennan's, Inc.
Through its attorney of record:
Bridget Brennan Tyrrell, Esq.
1431 Joseph Street
New Orleans, Louisiana 70115

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2011-6458                    SECTION 6                    DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED: _____      _____
                                          DEPUTY CLERK

INTERVENORS' MOTION TO CONTINUE HEARING ON
MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, come Intervenors, Edward Tuck

Colbert and Kenyon & Kenyon, LLP ("Intervenors"), who, for the reasons more fully set forth in

the attached Memorandum in Support, respectfully request that the hearing on the Succession of

James Charles Brennan's Motion for Summary Judgment, currently set for hearing on Friday,

June 29, 2012, at 9:00 a.m., be continued and re-set for a later date—at least 90 days from the

date on which the hearing is currently set, but no less than 90 days from the date on which the

Order allowing intervention is signed—to allow Intervenors to conduct limited discovery and

adequately prepare an Opposition to the Motion that appears to prejudice Intervenors over a

stockholder. Movants/Succession of James Brennan oppose Intervenors' attempts to intervene

and, as such, the Petition for Intervention filed by Intervenors, which is currently pending, should

be decided before the Motion for Summary Judgment. As such, it is necessary that the

Succession of James Charles Brennan's Motion for Summary Judgment be continued under these

circumstances.

WHEREFORE, Intervenors, Edward Tuck Colbert and Kenyon & Kenyon, LLP, pray

that the hearing on the Motion for Summary Judgment currently set for hearing on Friday, June

29, 2012, at 9:00 a.m., be continued and re-set for a later date.

00137512                              1

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

GUS A. FRITCHIE III (#5751)
DAVID W. O'QUINN (#18466)
EDWARD W. TRAPOLIN (#27667)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100

*Counsel for plaintiffs, Edward Tuck Colbert
and Kenyon & Kenyon, LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties
to this proceeding by mailing the same to each by First Class United States Mail, properly
addressed and postage prepaid on this day of June, 2012.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2011-6458                 SECTION 6                 DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED: _____     _____
                                        DEPUTY CLERK

MEMORANDUM IN SUPPORT INTERVENORS'
MOTION TO CONTINUE HEARING ON MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

For the reasons set forth more fully below, this Court should grant the Motion to

Continue filed by Intervenors, Edward Tuck Colbert and Kenyon & Kenyon, LLP

("Intervenors") and issue an Order continuing the hearing on the Motion for Summary Judgment

filed by the Succession of James Charles Brennan ("the Succession") and re-setting the hearing

at least 90 days from the date on which the hearing is currently set—but no less than 90 days

from the date on which the Order allowing intervention is signed—in order to allow Intervenors

to conduct limited discovery and adequately prepare an Opposition to the Motion that appears to

prejudice Intervenors over a stockholder. Movants/Succession of James Brennan oppose

Intervenors' attempts to intervene and, as such, the Petition for Intervention filed by Intervenors,

which is currently pending, should be decided before the Motion for Summary Judgment. As

such, it is necessary that the Succession of James Charles Brennan's Motion for Summary

Judgment be continued under these circumstances.

The Succession filed its Motion for Summary Judgment on May 18, 2012, seeking a

declaration that $1,615,281.10 in loans owed by the Succession to Brennan's, Inc. should be

immediately offset against alleged indebtedness from Brennan's, Inc. to the Succession in the

amount of $1,970,406.95.   Intervenors subsequently filed a Petition for Intervention on the

00137512

grounds that, as judgment creditors of Defendant, Brennan's, Inc., they have an interest in these proceedings and are entitled to protect rights related to or connected with the object of the pending action pursuant to Louisiana Code of Civil Procedure article 1091, *et seq.* Specifically, Brennan's, Inc. owes Intervenors a total of $4,008,397.37 as of May 31, 2012, as the result of two judgments rendered in their favor in 2011 (collectively "the Judgment")—no portion of which has been paid as of the date of the filing of this Motion. The present Motion for Summary Judgment seeking an offset appears to prejudice the rights of Brennan's Inc. and its creditors by depriving them of the immediate access to and use of cash that is due to be repaid to the corporation. On information and belief, the obligation to repay the loan amount is separate from and independent to Brennan's Inc.'s rights, obligations, or duty to redeem the stock of James Brennan. Under the stock redemption agreement, Brennan's Inc. has the option to redeem and purchase James Brennan's stock over a period of time, which option Brennan's Inc. has selected. Allowing an offset will deprive Brennan's Inc. and its creditors of needed cash and worsen the present financial condition of the company only to the benefit of a stockholder.

Intervenors now seek an Order from this Honorable Court continuing the hearing on the Succession's Motion for Summary Judgment so that they may investigate and conduct discovery upon the allegations of the Petition for Declaratory Judgment filed by the Succession of James Charles Brennan, and particularly the allegation that the debt allegedly due from Brennan's, Inc. to the Succession should be immediately offset against the loans of Brennan's, Inc. to the Succession. Intervenors aver that, if the hearing on the Succession's Motion for Summary Judgment proceeds on the currently scheduled date of Friday, June 29, 2012, Intervenors will not have the time necessary to adequately oppose the Motion for Summary Judgment, and that such an outcome threatens to impair the Intervenors' rights as judgment creditors of Brennan's, Inc.

For all of the aforementioned reasons, Edward Tuck Colbert and Kenyon & Kenyon, LLP respectfully move this Court to issue an Order continuing the hearing on the Motion for Summary Judgment filed by the Succession of James Charles Brennan, currently set for hearing on Friday, June 29, 2012, at 9:00 a.m., and re-setting the hearing for a later date—at least 90 days from the date on which the hearing is currently set, but no less than 90 days from the date on which the Order allowing intervention is signed—to allow Intervenors to conduct limited

00137512

discovery and adequately prepare an Opposition to the Succession's Motion for Summary Judgment.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

GUS A. FRITCHIE III (#5751)
DAVID W. O'QUINN (#18466)
EDWARD W. TRAPOLIN (#27667)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100

*Counsel for plaintiffs, Edward Tuck Colbert
and Kenyon & Kenyon, LLP*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by mailing the same to each by First Class United States Mail, properly addressed and postage prepaid on this ___ day of June, 2012.

00137512

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2011-6458                    SECTION 6                    DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S, INC.

FILED: _____        _____
                                        DEPUTY CLERK

## RULE TO SHOW CAUSE

Considering the Intervenors' foregoing Motion to Continue Hearing on Motion for Summary Judgment;

IT IS ORDERED that Plaintiffs, Tiffany Brennan and Samantha Scott Brennan in their capacity as independent co-executives of the Succession of James Charles Brennan, and Defendant, Brennan's, Inc., show cause on the ____ day of _____, 2012, at _____ a.m., why the Motion to Continue should not be granted.

New Orleans, Louisiana, this ____ day of _____, 2012.

_____
DISTRICT JUDGE

**PLEASE SERVE:**

Philip A. Franco, Esq.
Adams and Reese
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139-7755
Counsel for Shawn Tiffany Brennan and Samantha Scott Brennan in their capacity as independent co-executives of James Charles Brennan

Brennan's, Inc.
Through its attorney of record:
Bridget Brennan Tyrrell, Esq.
1431 Joseph Street
New Orleans, Louisiana 70115

00137767

FILED

2012 JUN 11  A 9:50

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CIVIL
DISTRICT COURT

No. 2011-06458                                                DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____    _____
                                                    DEPUTY CLERK

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, come Shawn Tiffany Brennan and

Samantha Scott Brennan, in their capacity as independent co-executors of the Succession of

James Charles Brennan (the "Succession") and respectfully submit this supplemental

memorandum to clarify and further amplify the relief sought by the Succession in its motion for

summary judgment against Brennan's Inc. ("Brennan's") and the reasons why the Succession is

entitled to such relief.

### Summary

On May 18, 2012, the Succession filed a motion for summary judgment, memorandum in

support and statement of uncontested facts requesting that this Court enter a declaratory

judgment that that the outstanding loan in the amount of $1,615,281.10 claimed to be due by the

Succession to Brennan's Inc. is set off against the amount of $1,970,506.95 due by Brennan's

Inc. to the Succession on the Promissory Note, leaving a balance due to the Succession of

$355,225.85 payable immediately, with interest accruing at the default rate of 10%, plus

attorney's fees and costs, and for all other equitable relief this Honorable Court deems just and

proper. The Succession hereby incorporates the previously filed motion for summary judgment,

memorandum in support, statement of uncontested facts and exhibits. The Succession submits

this supplemental memorandum for the sole purpose of clarifying and amplifying its request for

summary judgment. Because setoff occurs as a matter of law pursuant to Louisiana Civil Code

article 1893, the setoff here occurred in December 2011, and, at the latest, on January 12, 2012 when the Succession notified Brennan's that Brennan's debt to the Succession had been accelerated, had become immediately due and payable, and that the Succession's debt to Brennan's had been setoff.

**Facts**

As discussed in the Succession's memorandum in support of summary judgment, pursuant to the terms of a promissory note executed by Brennan's in favor of the Succession on October 15, 2010, Brennan's agreed to pay the Succession $2,068,976.00, payable in monthly installments of $18,000.00 until paid in full (the "Promissory Note", **Ex. A to Pls. Memo. in Support**). The Promissory Note provides for a ten day grace period to cure any default for failure to timely make an installment payment. *Id.* If Brennan's has not made its installment payment within ten days of its due date, the Promissory Note requires that "the whole principal sum of this note plus accrued interest shall, at the option of the holder of this note, become immediately due and payable without notice or demand." *Id.* Further, "the outstanding principal balance of this note and all past due interest thereon shall bear interest at a per annum rate equal to the rate otherwise applicable hereunder plus five percent (5.00%) per annum . . . ." *Id.* The Promissory Note also requires the payment of attorney's fees in the case any payment is not paid when due. *Id.*

At the time of his death, the decedent had an outstanding shareholder loan to Brennan's in the amount of $1,615,281.10. Brennan's has claimed that this amount is presently due and payable by the Succession to Brennan's.

The Succession did not receive Brennan's December 2011 installment payment on December 1, 2011. (Aff. of Shawn Brennan, **Ex. B to Pls. Memo. in Support**). The Succession had not received the payment by December 11, 2011. *Id.* Brennan's December 2011 payment was both mailed to and received by the Succession via Federal Express after December 11, 2011. *Id.* Brennan's December 2011 payment was, therefore, made after the expiration of the ten day grace period. Although notice or demand is not required by the Promissory Note, on January 12, 2012, the Succession notified Brennan's that the Succession would exercise its option to

2

accelerate the entire principal and interest due under the Promissory Note. (Jan. 12, 2012 Letter, **Ex. C to Pls. Memo. in Support**). The January 12, 2012 letter informed Brennan's that:

1.   as a result of Brennan's late December 2011, the Succession was exercising its option under the Promissory Note to accelerate the debt due by Brennan's to the Succession; and

2.   the debt of the Succession to Brennan's for the shareholder loan of the decedent had been set off against the debt owed by Brennan's to the Succession as a matter of law pursuant to Louisiana Civil Code article 1893.

### Law and Argument

Louisiana Civil Code article 1893 provides that "Compensation takes place by operation of law when two persons owe to each other sums of money . . . and these sums . . . are liquidated and presently due. In such a case, compensation extinguishes both obligations to the extent of the lesser amount." Moreover, "[d]elays of grace do not prevent compensation." *Id.* The Succession owes Brennan's $1,615,281.10 for a shareholder loan of the decedent, which Brennan's has claimed is liquidated and presently due. As of January 12, 2012, when the Succession informed Brennan's that Brennan's debt under the Promissory Note had been accelerated, the Brennan's debt to the Succession became liquidated and presently due. Accordingly, as of January 12, 2012, the two debts were set off against one, and the Succession is entitled to payment of the remainder by Brennan's immediately. Further, pursuant to the terms of the Promissory Note, the amounts due by Brennan's are accruing interest at the default rate of 10%, and the Succession is entitled to attorney's fees and costs. Documentation submitted by the Succession with its motion for summary judgment shows that as of April 23, 2012, Brennan's owed the Succession $1,970,506.96) on the promissory note. (See **Ex. D to Pls. Memo. in Support**). When setoff by the $1,615,281.10 due by the Succession for the shareholder loan, this results in an outstanding balance of $355,225.85 due as of April 23, 2012.

### Conclusion

For the foregoing reasons and the reasons provided in the Succession's original memorandum in support, statement of uncontested facts and exhibits, the Succession prays that this Court grant summary judgment in favor of the Succession and enter a declaratory judgment

that (i) as of January 12, 2012, the outstanding loan claimed to be due by the Succession to Brennan's Inc. was set off against the amount due by Brennan's to the Succession on the Promissory Note, (ii) that Brennan's is obligated to pay the remaining balance due on the Promissory Note, which is $355,225.85 as of April 23, 2012, immediately, with interest accruing at the default rate of 10%, plus attorney's fees and costs, and (iii) for all other equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

_____
PHILIP A. FRANCO (#5819)
MARGOT LILLY KRAMER WANT (#32754)
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana 70139
(504) 581-3234 Telephone
(504) 566-0210 Facsimile
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by transmitting same via facsimile, by transmitting same via electronic mail, by hand delivering same and/or by placing same in the United States mail, postage prepaid and properly addressed, this ___th day of June, 2012.

_____
MARGOT L. K. WANT

4

FILED

2012 JUN 21  A 10:12

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458                                    DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____    _____
                                              DEPUTY CLERK

## MEMORANDUM IN OPPOSITION TO MOTION TO CONTINUE THE HEARING ON MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, come Shawn Tiffany Brennan and Samantha Scott Brennan, in their capacity as independent co-executors of the Succession of James Charles Brennan (the "Succession") and respectfully submit this memorandum to lay out the reasons why this Court should deny the Motion to Continue Hearing on Motion for Summary Judgment filed by Edward Tuck Colbert and Kenyon & Kenyon, LLP ("Brennan's Creditors").

The Brennan's Creditors seek to delay the present proceedings in conjunction with their Motion for Leave to Intervene, the proposed Petition for Intervention and their Motion to Continue the Hearing on Motion for Summary Judgment. The Defendant has not even sought a continuance of the Succession's Motion for Summary Judgment. The Brennan's Creditors should not be permitted delay the resolution of the Motion for Summary Judgment because they have no right to intervene in this proceeding: as reflected by the Motion to Continue, their intervention will retard complete resolution of the principal action. Moreover, they have no right related to the pending action against any party. The result of this suit will not affect the Defendant's balance sheet. The reasons why intervention is improper are more fully set out in the Succession's Opposition to Motion for Leave to Intervene, which is attached hereto and incorporated herein. (Ex. A). Because the Brennan's Creditors cannot be permitted to intervene, this Court must deny their Motion to Continue.

Respectfully submitted,

*Margot Want*

PHILIP A. FRANCO (#5819)
MARGOT LILLY KRAMER WANT (#32754)
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana 70139
(504) 581-3234 Telephone
(504) 566-0210 Facsimile
*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record and upon counsel for Edward Tuck Colbert and Kenyon & Kenyon LLP by transmitting same via facsimile, by transmitting same via electronic mail, by hand delivering same and/or by placing same in the United States mail, postage prepaid and properly addressed, this 21st day of June 2012.

*Margot Want*

2

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2011-06458                  DIVISION "L"

SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN,
IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE
SUCCESSION OF JAMES CHARLES BRENNAN

VERSUS

BRENNAN'S INC.

FILED: _____   _____
                             DEPUTY CLERK

## MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO INTEREVE

NOW INTO COURT, through undersigned counsel, come Shawn Tiffany Brennan and

Samantha Scott Brennan, in their capacity as independent co-executors of the Succession of

James Charles Brennan (the "Succession") and respectfully submit this memorandum to lay out

the reasons why this Court should deny the Motion for Leave to Intervene filed by Edward Tuck

Colbert and Kenyon & Kenyon, LLP ("Brennan's Creditors") .

### Summary

Permitting an intervention by Brennan's Creditors is inappropriate. An incidental claim

may not be filed if it will retard progress of the principal action. The Brennan's Creditors clearly

aim to delay the Succession's action, which has been pending for over one year, by asking this

court to continue the Succession's motion for summary judgment. If granted, the Succession's

motion for summary judgment will resolve this entire matter on June 29, 2012. Moreover, the

Brennan's Creditors fail to satisfy the requirements for intervention: they do not have a right

related to the object of the pending action against any party, nor can they establish that the

outcome of this lawsuit will have a direct impact on their rights. The demand of the Succession

does not change the balance sheet of defendant Brennan's Inc. ("Brennan's"), it merely seeks a

judicial declaration of setoff, which has already occurred as a matter of law. Creditors do not

have an automatic right to intervene in a lawsuit against the debtor that is completely unrelated to

the creditors' claims. To permit such intervention would turn any civil action into a bankruptcy

proceeding. There is another forum for such relief, and it is not this Court or this action.

EXHIBIT

A

## Background

The Succession represents the interest of the decedent James Charles Brennan ("Jimmy"). Pursuant to a Stock Redemption Agreement between Jimmy, Brennan's and the other shareholders of Brennan's, at the time of Jimmy's death, Brennan's became obligated to purchase Jimmy's shares of Brennan's stock. Accordingly, on October 15, 2010, Brennan's executed a promissory note in favor of the Succession in the amount of $2,068,976.00 ("Promissory Note"). Brennan's later claimed that at the time of Jimmy's death, he owed shareholder loans to Brennan's, which, according to Brennan's, amount to $1,615,281.10. Over one year ago, the Succession filed this lawsuit against Brennan's seeking a declaration that the amount owed by the Succession to Brennan's must be setoff against the amount owed by Brennan's to the Succession. As explained more thoroughly in the Succession's motion for summary judgment, memorandum in support, and supplemental memorandum in support, in December 2011, Brennan's defaulted under the Promissory Note, and the amounts due thereunder were accelerated as immediately due and payable. The Succession amended its Petition to address this factual development and to once again pray for a declaration that, as a matter of law, the amounts owed between the parties have been setoff as to the overlapping amount.  On May 18, 2012, the Succession filed a motion for summary judgment, which is set for hearing on June 29, 2012.

On June 5, 2012, the Brennan's Creditors filed their motion for leave to intervene in the present action. They purport to have a recorded judgment against Brennan's (although said judgment is on appeal), and they claim that because Brennan's owes them money, they have a right to intervene to protect their rights. They make no secret of their intent to delay the proceedings by seeking to conduct discovery and asking this court to continue the Succession's motion for summary judgment.

## Law and Argument

1.  **An incidental demand may not be permitted if it will retard the progress of the principal action.**

The Code of Civil Procedure requires that after the answer to the principal demand is filed, an incidental demand may only be permitted with leave of court "if it will not retard the

progress of the principal action." La. Code Civ. Proc. art. 1033. "Intervenors are not allowed to

retard process of the main action through their interventions." *Heaton v. Monogram Credit Card

Bank*, 2001-1415, p.8 (La. App. 4 Cir. 4/10/02); 818 So. 2d 240, 245 (affirming the trial court's

denial of a motion to intervene where the trial court reasonably determined that intervention

would have delayed the resolution of the principal demand); *see Herb's Machine Shop, Inc. v.

John Mecom Co.*, 426 So. 2d 762, 764 (La. App. 3 Cir. 1983) (holding that the trial court

properly dismissed the incidental demand where the trial date "could have had to be continued"

because the delays for answering the incidental demand would have run after the scheduled trial

date).

The Succession's motion for summary judgment is set for hearing on June 29, 2012, and

if the motion is granted, this action will be complete. The Brennan's Creditors do not pretend

that their intervention will not delay the progress of the principal action. They specifically

request this court to continue resolution of the Succession's motion for summary judgment. They

seek to "investigate and conduct discovery" and request at least a 90 day delay. (Intervenor's

Memo. in Support of Mo. to Continue, p. 2). Permitting intervention will undoubtedly retard the

principal demand. Accordingly, their Petition for Intervention fails to meet the requirements of

article 1033, and their motion for leave must be denied.

> 2.   **Intervention is improper where the intervenor does not have a right related
>      to the object of the pending action against any party**

Code of Civil Procedure article 1091 provides that:

> A third person having an interest therein may intervene in a pending action to
> enforce a *right related to or connected with the object of the pending action
> against one or more of the parties* thereto by:
> (1) Joining with plaintiff in demanding the same or similar relief against the
> defendant;
> (2) Uniting with defendant in resisting the plaintiff's demand; or
> (3) Opposing both plaintiff and defendant.

La. Code Civ. Proc. art. 1091(emphasis added). To successfully intervene, the third party "must

have both a justiciable right in, and a connexity to, the principal demand." *Diefenthal v. Longue

Vue Found.*, No. 2002-1470, p. 11-12 (La. App. 4 Cir. 1/7/04); 865 So. 2d 863, 827. "A

'justiciable right' is defined as 'the right of a party to seek redress or a remedy against either

plaintiff or defendant in the original action or both, and where those parties have a real interest in

opposing it.' *Id.* (quoting *Leger v. Kent*, 2001-2241, 2001-2380, p. 3 (La. App. 4 Cir. 4/24/02), 817 So. 2d 305, 307-08). " 'Connexity' requires the party seeking to intervene establish that the outcome of the suit will have a direct impact on that party's rights." *Id.* While the intervenor need not show that it will obtain immediate gain or suffer immediate loss, it is essential the intervenor establish a direct impact on its rights. *Amoco Prod. Co. v. Columbia Gas Trans. Corp.*, 455 So. 2d 1260, 1264 (La. App. 4 Cir. 1984) (emphasis added).

The Brennan's Creditors claim they can intervene in this action because they are judgment creditors of defendant Brennan's. As the Brennan's Creditors admit, these judgments are on appeal. (Pet. for Intervention, par. 4). Therefore, the judgments upon which the Brennan's Creditors base their claim are not final. *Batson v. S. La. Med. Ctr.*, 965 So. 2d 890, 895-896 (La. App. 1 Cir. 2007) ("[A] final judgment becomes final and definitive and acquires the authority of the thing adjudged if no further review is sought within the time fixed by law, if the Supreme Court denies an application for certiorari, or if the judgment is confirmed on further review."). The mere existence of the trial court judgments does not create a justiciable interest in the present action. If that were the case, any creditor could intervene in every lawsuit by or against a debtor. Such would create havoc in the judicial system.

Moreover, the Brennan's Creditors cannot establish a connexity to the present demand. They also do not have a right related to the pending suit against any party. Although the Brennan's Creditors may have a right to collect their own debt against Brennan's (which they have already asserted in a separate action), this does not establish that the judgment in the present action would have a direct impact on their rights. This action concerns two debts. One owed by the Succession to Brennan's, and one owed by Brennan's to the Succession. The Brennan's Creditors do not deny that these debts exist. (Pet. for Intervention, pars. 5, 8). This action simply seeks a judicial declaration that the debts are setoff against one another by the overlapping amounts. Such a judgment will not change the balance sheet of Brennan's. The net result is the same with or without the judicial declaration of setoff (Brennan's assets must always be balanced against its liabilities). Not only will an asset of Brennan's be eliminated, so will one of Brennan's debts. Accordingly, the judgment in this action can have no effect on the rights of Brennan's Creditors. This makes intervention inappropriate for lack of connexity.

4

Further, the position of the Brennan's Creditors in their Petition for Intervention is unworkable. It seeks to convert this action into some sort of bankruptcy proceeding. If every creditor by reason of being a creditor could simply intervene in any action involving the debtor, civil litigation would become a mess. It means that the Succession as a creditor of Brennan's has a right to intervene in the action upon which the Brennan's Creditors base their claim here. A connection to the principal demand is required to permit such a slippery slope.

<u>Conclusion</u>

Intervention by the Brennan's Creditors is inappropriate here. They make no secret of their intent to delay the principal demand, and therefore the requirements of article 1033 have not been met. Moreover, their status as judgment creditors are insufficient to establish a connexity to this action. Finally, permitting intervention here would cause a slippery slope of cross interventions and would turn this action into some sort of bankruptcy proceeding. Accordingly, this Court must deny the motion for leave to intervene filed by the Brennan's Creditors.

Respectfully submitted,

_Margot Want_

PHILIP A. FRANCO (#5819)
MARGOT LILLY KRAMER WANT (#32754)
ADAMS AND REESE LLP
4500 One Shell Square
New Orleans, Louisiana 70139
(504) 581-3234 Telephone
(504) 566-0210 Facsimile
*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record and upon counsel for Edward Tuck Colbert and Kenyon & Kenyon LLP by transmitting same via facsimile, by transmitting same via electronic mail, by hand delivering same and/or by placing same in the United States mail, postage prepaid and properly addressed, this _21st_ day of June 2012.

_Margot Want_