UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWN TIFFANY BRENNAN AND SAMANTHA SCOTT BRENNAN, IN THEIR CAPACITY AS INDEPENDENT CO-EXECUTORS OF THE SUCCESSION OF JAMES CHARLES BRENNAN, | CIVIL ACTION NO. 13-CV-04848 |
| Plaintiffs | JUDGE SUSIE MORGAN (E) |
| | MAGISTRATE JUDGE SHUSHAN |
| VERSUS | |
| BRENNAN'S INC. | |
| Defendant | |

## INTERVENORS' OPPOSITION TO MOTION TO DISMISS

Intervenors Theodore M. Brennan, Bridget Brennan Tyrrell, Alana Brennan and Teddy Brennan, Jr. ("Intervenors") oppose the Motion to Dismiss (Rec. doc. 9) filed by plaintiffs, representatives of the Succession of James Charles Brennan ("the Succession").  For the reasons stated, resolution of the Motion to Dismiss should await the Court's disposition of Intervenors' remand motion, and, if remand is not ordered, the Motion should be denied.

## The Motion to Dismiss Should Be Deferred Until Remand is Decided

Intervenors respectfully suggest the Court should defer ruling on the Motion to Dismiss until it decides Intervenors' Motion to Remand.  *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 220 (5th Cir. 1998) (en banc) (district court should have considered motion to remand before it addressed motion to dismiss).  Upon remand, the Motion to Dismiss should automatically be denied as moot.  *Miedema v. Maytag Corp*., 450 F.3d 1322, 1325 (11th Cir. 2006).

**<u>If Remand is Denied, the Motion to Dismiss Should be Denied</u>**

The Succession's endless quest to avoid being paid, to exercise "dead hand" control of the company, and to avoid the state court where it filed this proceeding and tried it to judgment, continues.

Since Brennan's directors and officers changed in mid-June, 2013, the Succession and its nominal opponent, Brennan's, Inc. have engaged in friendly, sham litigation in which they seek this Court's imprimatur on their collusive effort to keep the Succession from being paid. The obvious motive: to allow Pip Brennan and the Succession to continue to out-vote genuine shareholders and prevent their control of the corporation.   Brennan's Claims, LLC has exhaustively briefed why this sort of collusive litigation is improper, and why this Court should recognize the state court's jurisdiction over this case -- rather than allow this Court to be used as a safe haven to avoid the exercise of that proper jurisdiction.  It was the Succession itself which filed its suit in state court almost two full years ago, which jurisdiction Brennan's never challenged for equally long.  In the interest of conserving judicial resources and those of the parties, Intervenors adopt and incorporate Brennan's Claims, LLC's arguments in C.A. 12-2442, Rec. docs. 141 (§§ V-VI) and 161 (§ I).

The Intervenors' participation here, and their genuine dispute with the Succession and Brennan's as to the proper distribution of the funds on deposit with Civil District Court, are the only pending claims which prevent this lawsuit, in its present configuration (*i.e.*, the Succession and Brennan's as "friendly" litigants) from being a sham.  The prospect that the Succession may be required to acknowledge the claims that it sued for in state court -- acceleration of the corporate debt, and recognition that the balance is immediately due and payable -- is now so unpalatable to both the Succession and Brennan's that they run from the sole

- 2 -

party here with whom there is an actual controversy.  The Motion to Dismiss seeks to turn a genuine dispute between adversaries into a sham.[1]  The Court should deny the motion for that reason alone.[2]

Further, Intervenors have a true interest in the pending lawsuit, specifically, in the outcome of two pending motions filed in this case.  That is sufficient for standing to intervene. As has already been demonstrated, three of the Intervenors borrowed the funds to place in the registry.  Not to put too fine a point on it, but their goal was to "be rid" of the Succession, because it could redound to the benefit of their father (who has recently been denied the right to vote his Brennan's shares by Pip and the Succession) and themselves (who are personal guarantors on Brennan's obligation to Pip).[3]  *See* C.A. 12-2442, Rec. docs. 88, 88-1.  That is, Intervenors seek to give effect to the Judgment obtained by the Succession, which is now satisfied, and bring to an end the Succession's participation in the corporation's affairs.  This is the exact same result the Succession agreed to when it executed the Stock Redemption Agreement, and the exact same result it sought when it obtained its judgment.

---

[1]    In the state court prior to removal, Intervenors opposed Brennan's efforts to convert the funds in the registry to Brennan's own use.  The Succession did not oppose Brennan's motion to withdraw the funds.  Intervenors sought to have the Succession's judgment deemed satisfied on the basis of the funds in the registry, while the Succession and Brennan's have formed a united front opposing that effort, so as to insure their majority role in the corporation.

[2]    "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir.1994).

[3]    As noted, in another state-court proceeding, Pip has a pending Motion for Summary Judgment for $3.8 million against Brennan's and Intervenors.  With Pip and the Succession controlling Brennan's, it would not be surprising if Brennan's "rolled over" (as it has for the Succession) and allowed Pip to obtain a judgment against it.  Intervenors would prefer to have Brennan's controlled by Ted and Bridget, who would not allow the company to enter into a collusive judgment against it and in favor of Pip.

- 3 -

The Succession is correct that this case has reached a final judgment.  While the Succession contends there is thus no "pending action," Rec. doc. 9-1 at p. 5, in fact, there are two pending motions in this case, which motions were pending when Brennan's improperly removed this case.  Intervenors have an interest in both outstanding, unresolved issues: (i) whether the Succession's judgment has been satisfied or should be deemed satisfied; and (ii) whether Brennan's will be allowed to convert Intervenors Teddy, Bridget and Alana's funds to its own use.  Post-judgment intervention is uncommon, but is justified where, as here, there are discrete, unresolved post-judgment issues in whose outcome the intervenor is interested.[4]  *In re Lease Antitrust Litig.*, 570 F.3d 244, 250 (5th Cir. 2009) (allowing State of Texas to intervene post-judgment to litigate proposed *cy pres* distribution of unclaimed funds).

Intervenors specifically asked to intervene to join in Brennan's motion to compel the Succession to execute a satisfaction of judgment.  They were specifically allowed to do so by the state court's Order.  Rec. doc. 1-7, p. 22.  Subsequent to the intervention, Brennan's (now controlled by Pip and the Succession) moved to withdraw the funds from the registry, which was opposed by Intervenors (but not by the Succession).  Intervenors are thus parties to two pending motions in whose outcome they have a material interest, and in which the other parties are not truly adverse to each other.

The Succession's argument that Intervenors are merely asserting Brennan's interests, not their own, Rec. doc. 9-1 at p. 7, is incorrect.  Intervenors asserted "a right related to or connected with the object of the pending action" within the meaning of La. Code Civ. Proc. Art. 1091.  For one thing, its avoidance of satisfaction of judgment in this case has allowed the

---

[4]      Actually, intervenors submit that post-judgment intervention is likely *more* common than successful plaintiffs refusing tender of their judgment award, and spending tens of thousands in legal fees to avoid being paid.

1131760v2

Succession to disenfranchise Ted Brennan (by its vote at a June 21, 2013 shareholder meeting called for that sole purpose).  Ted and Bridget, as genuine shareholders, have a direct interest against being disenfranchised by such "dead hand" control of the company, and the other Intervenors have an indirect interest, Rec. docs. 88 & 88-1.

Since the intervention was allowed on June 10th, an additional direct interest has arisen, *i.e.*, opposing Brennan's motion to convert funds provided by Teddy, Alana and Bridget to its own use.  Intervenors have a property interest in disposition of their funds, *i.e.*, if their personally-borrowed funds are not used to satisfy the Succession's judgment, they want the funds back so they can repay the loan used to acquire the funds.[5]  Intervenors will be prejudiced if not allowed to intervene (*i.e.*, the Succession and Brennan's will collude to avoid payment to the Succession, and to allow Brennan's to convert the funds for which Intervenors owe repayment), and no party is protecting Intervenors' interest.  These are relevant factors to intervention.[6]

It should also be noted that the Succession is effectively treating this Court as an appellate court to review state-court decisions.  For example, prior to removal, the Succession orally opposed the intervention at the June 11th hearing.  *See Colbert, et al. v. Brennan, et al.*, C.A. 12-2442, Rec. doc. 134-11, at pp. 5-6.  Judge Reese told counsel that he would not revisit his intervention order, and told the Succession's counsel that, if he wished to take a writ to the appellate court, to let the court know how much time he needed for the return date.  *Id*. at p. 14.

---

[5]    The Succession will likely file yet another brief and suggest Ted Brennan testified Brennan's would repay the loan if and when it could.  First, he has no control of Brennan's and could not do so if he wanted.  Second, he clearly was referring to an intention of future act borne of a sense of moral duty, rather than a legally-binding obligation: the funds to satisfy the judgment were provided by parties who were not personally obligated to the Succession to satisfy its judgment against Brennan's, which judgment was based on Brennan's agreement to purchase the Succession's stock.  Ted also testified he did not request the loan from the lenders; his kids did.

[6]    *Ford v. City of Huntsville,* 242 F.3d 235, 239 (5th Cir.2001).

1131760v2

Instead, Brennan's -- dependent upon the Succession's vote to keep Brennan's current directors and officers in control of the company -- removed the case on the eve of the state-court's hearing and decision on the two pending motions.  The Succession is effectively "appealing" to this Court the state court's order of intervention.  Judicial economy militates against revisiting issues which the state court has already decided.

For the foregoing reasons, Intervenors respectfully request that the Court first resolve the Motion to Remand, remand the case, and dismiss the Motion to Dismiss as moot; but should the Court deny the Motion to Remand, the Motion to Dismiss should be denied.

Respectfully submitted

_/s/ Phillip A. Wittmann _____
Phillip A. Wittmann, 13625
Carmelite M. Bertaut, 3054
Andrew D. Mendez, 26686
STONE PIGMAN WALTHER
  WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-3200

*Attorneys for Intervenors Theodore M. Brennan, Bridget Brennan Tyrell, Alana Brennan, and Teddy Brennan, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2013 a copy of the above and foregoing Intervenors' Opposition to Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing was sent electronically, by operation of the Court's electronic filing system to all counsel of record.

*/s/  Phillip A. Wittmann*
Phillip A. Wittmann (Bar #13625, T.A.)

- 6 -

1131760v2