**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHAWN TIFFANY BRENNAN, et al.,** | **CIVIL ACTION** |
| **Plaintiffs** | |
| | |
| **VERSUS** | **No. 13-4848** |
| | |
| **BRENNAN'S, INC.,** | **SECTION "E"** |
| **Defendant** | |

**ORDER AND REASONS**

Before the Court is a motion to remand[1] filed by intervenors Theodore M. Brennan, Bridget Brennan Tyrrell, Alana Brennan, and Teddy Brennan, Jr. (collectively, the "Intervenors"). Defendant Brennan's, Inc. ("the corporation") opposes the Intervenors' motion to remand.[2] The Intervenors have filed a reply in further support of their motion to remand.[3] For the reasons set forth below, the Intervenors' motion to remand is granted. In addition, the Intervenors' request for attorneys' fees and costs is granted.

**I.    BACKGROUND**

While the instant case was only recently removed to this Court, the backdrop for this case been set forth by this Court in several previous orders in related cases. *See, e.g.,* *Brennan v. Brennan*, — F. Supp. 2d —, 2013 WL 2138736 (E.D. La. 2013); *Colbert v. Brennan*, No. 12-2442, 2013 WL 2635084 (E.D. La. June 11, 2013), *reconsideration denied*, 2013 WL 3199728 (E.D. La. June 21, 2013). This case began on June 17, 2011, when, after the death of their father James Brennan, a former partner in the corporation, Shawn

---

[1]    R. Doc. 4.

[2]    R. Doc. 12.

[3]    R. Doc. 15.

Tiffany Brennan and Samantha Scott Brennan as executors of his succession filed a suit in state court against the corporation seeking a declaration that the balance of a loan their father took from the corporation should be offset against the amount the corporation owed the succession.

## II.   STANDARD OF LAW

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted); *see also* 28 U.S.C § 1447(c) (setting forth statutory basis for remand of an improperly removed action).[4]  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.* (citations omitted).   In order to determine whether jurisdiction exists, the federal court considers the claims in the state court pleadings as they existed at the time of removal.   *See id.*   Any doubt as to whether removal jurisdiction is proper is generally resolved in favor of remand because removal statutes are usually strictly construed.   *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

---

[4]      In full, the statute provides that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

2

### III.   ANALYSIS

#### A.   The Corporation's Removal was Improper and Untimely

28 U.S.C. § 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The basis for the corporation's removal of the state court action is that this Court has "federal question" jurisdiction over the subject matter of that action.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

28 U.S.C. § 1446(b) provides the time limits for removal of an action based on federal question jurisdiction:

> (1)   The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> ***

> (3)   Except as provided in [§ 1446(c)],[5] if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an

---

[5]   Removal based on diversity of citizenship is governed by 28 U.S.C. § 1446(c).  The corporation does not argue the Court has diversity jurisdiction.

> amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3) (footnote added).

The original petition in the state court action was filed on June 17, 2011, and an amended petition was filed on April 25, 2012.  The corporation did not remove this case until June 19, 2013, long after the 30-day limit set forth in § 1446(b)(1).  Indeed, the corporation concedes the case set forth in the original petition and the amended petition was thus not removable.[6]  Instead, the corporation argues the Intervenors' petition for intervention, which was filed on June 10, 2013, was the first time the corporation ascertained the state court action was removable.

The corporation characterizes the petition for intervention as "an attempt to obtain relief from a federal court ruling, order and/or judgment, and/or is otherwise an attempt to attack or undermine a federal court ruling, order, or judgment."[7] As a result, it argues, the Court may properly exercise federal question jurisdiction over the subject matter of the state court action and, because the notice of removal was filed within thirty days of the petition for intervention, the corporation argues its removal was timely under § 1446(b)(3).  The corporation is incorrect.  Despite the corporation's vague arguments to the contrary, there is nothing in the petition for intervention that changed the character of the state court action from a non-removable case implicating purely state law concerns to a removable case implicating an issue "arising under the Constitution, laws, or treaties of the United States."

---

[6]     R. Doc. 12 at p. 7.

[7]     R. Doc. 1 at p. 2.

The corporation's attempt to invoke the All Writs Act, 28 U.S.C. § 1651,[8] as a basis for federal question jurisdiction is misplaced, as is the corporation's citation to *Baccus v. Parish*, 45 F.3d 958 (5th Cir. 1995) and *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773 (9th Cir. 1994). Both *Baccus* and *Eyak Native Village* stood for the proposition that an attempt in state court to undermine a federal proceeding rendered the state court action removable under the All Writs Act. *Baccus*, 45 F.3d at 960; *Eyak Native Village*, 25 F.3d at 779. However, in *Syngenta Crop Protection, Inc. et al v. Henson*, 537 U.S. 28 (2002), the United States Supreme Court unequivocally stated the All Writs Act, in and of itself, is not a basis for federal question jurisdiction, and thus the Act, standing alone, cannot serve as a basis for removal. *Id.* at 32-33. In the years since *Syngenta*, the Fifth Circuit has repeatedly stated that arguments of the kind raised by the corporation - that a state court action is removable because a claim brought in that action seeks to undermine or attack a federal court order - are no longer viable justifications for removal. *See, e.g., Renteria-Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir. 2002); *Morris v. T.E. Marine Corp.*, 344 F.3d 439, 443 (5th Cir. 2003); *In re: 1994 Exxon Chem. Fire*, 558 F.3d 378, 391-92 (5th Cir. 2009).

The corporation recognizes in its opposition to the Intervenors' motion to remand

---

[8]    The All Writs Act provides, in part, that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). While the corporation does not specifically cite to the All Writs Act as providing the basis for jurisdiction in this case, the corporation's vague argument that the petition for intervention is an attempt to obtain relief from a federal court ruling and/or an attempt to attack or undermine a federal court ruling clearly is a reference to the All Writs Act.

that *Baccus* has been called into doubt.[9]  Even still, the corporation ignores the Supreme

Court's holding in *Syngenta* and instead cites a recent unpublished district court decision

out of the Western District of Louisiana, *Energy Mgmt. Servs. v. City of Alexandria*, 2012

WL 29525549 (W.D. La. July 19, 2012), as supporting its decision to remove this case.  That

case, however, clearly is distinguishable.   The district court in *Energy Management

Services* found it had ancillary jurisdiction over a removed contract dispute because its

decision in the removed case necessarily depended on the interpretation of a settlement

agreement reached in a different case already in federal court.  *Id.* at *1-2.  The district

court found the two cases to be "factually interdependent" and, because the district court

expressly retained jurisdiction over the case in which the settlement agreement was

reached, the district court held it could properly exercise jurisdiction over the removed

case.  *Id.*  Importantly, the district court explicitly declined to apply *Baccus* or to address

the defendant's arguments that the case had to be removed to prevent the settlement from

becoming unraveled or otherwise collaterally attacked.  *Id.* at *1.  The corporation's citation

to *Energy Management Services* as a basis for removal in this case is therefore unavailing.

Even if the corporation were correct in its argument that the petition for intervention has

the potential to frustrate or conflict with a previous order by this Court in Civil Action No.

12-2442 or Civil Action No. 13-2491, the Court did not expressly retain jurisdiction over

either of those cases the way the district court did over the settled case in *Energy

Management Services*.  In light of the clear holding in *Syngenta* that the All Writs Act does

not provide a stand-alone basis for federal jurisdiction or removal, there is no valid basis

_____

[9] R. Doc. 12 at p. 6.

6

for the Court to exercise jurisdiction over the instant case.

The petition for intervention contains nothing that would change the case from a nonremovable state court action to a removable case implicating a federal question.  Thus the filing of that petition did not trigger a new time period for the corporation to remove this case under § 1446(b)(3).  Moreover, because the petition for intervention did not add new issues to the case, if something in the original petition or amended petition made the case removable, the corporation should have removed the case long ago under § 1446(b)(1).  As the corporation's removal was both improper and untimely, the case must be remanded.[10]

### B.    The Intervenors are Entitled to an Award of Attorneys'  Fees and Costs

Under 28 U.S.C. § 1447(c), a plaintiff seeking remand may be entitled to attorneys' fees and other just costs associated with a defendant's improvident removal of a nonremovable action.  *Id.* ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.")  While this statute authorizes the Court to award fees and costs upon remanding a case back to state court, it does not require such an award, and the Court has discretion to determine if the circumstances surrounding the removal were such that an award of fees and costs to the party resisting removal is warranted.  *See, e.g., Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) ("There is no automatic entitlement to an award of attorneys' fees. Indeed, the clear language of the statute makes such an award discretionary.  Although

---

[10]    Because the Court finds the case must be remanded, the Court need not address the Intervenors' argument that the corporation waived its right to remove this case.

from time to time factual situations may arise in which the district court is required to award attorneys' fees, the mere determination that removal was improper is not one of them.")  In exercising this discretion, the district court does not consider the removing defendant's motivations for removing the case; instead, the district court need only consider whether the removing defendant had an "objectively reasonable" basis for removal.  *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541-42 & n. 2 (5th Cir. 2012) (citations omitted).

The Court, in its discretion, finds the corporation had no objectively reasonable basis for removing the case.  Allegations of gamesmanship aside, the corporation's blatant disregard for controlling precedent and its intentionally vague arguments regarding issues that were not pending in state court before the case was removed, but which the corporation feared could come up if the case remained in state court, are precisely the actions § 1447(c) exists to discourage.  As a result, the Court finds an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" is appropriate in this case.  In *Avitts v. Amoco Production Co.*, 111 F.3d 30 (5th Cir. 1997), the Fifth Circuit interpreted the "incurred as a result of removal" language in § 1447(c) as limiting the available award to "fees and costs incurred in federal court that would not have been incurred had the case remained in state court."  *Id.* at 32.

Accordingly, the Court grants the Intervenors' request for an award of attorneys' fees and costs under § 1447(c).  With the record before it, however, the Court cannot determine the exact value of the Intervenors' litigation expenses that would not have been incurred had the corporation not removed this case.  The Court refers this issue to the assigned Magistrate Judge for the issuance of a report and recommendation.

8

## IV.    CONCLUSION

For all the reasons set forth herein, **IT IS ORDERED** that the Intervenors' motion to remand be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that the Intervenors' request for an award of attorneys' fees and costs be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that the issue of the exact amount of attorneys' fees and costs owed to the Intervenors be and hereby is **REFERRED** to the assigned Magistrate Judge for the issuance of a report and recommendation.

**IT IS FURTHER ORDERED** that the Succession's pending motion to dismiss[11] be and hereby is **DISMISSED AS MOOT.**

**New Orleans, Louisiana, this 26th day of August, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

Court to Notify:
Magistrate Judge Sally Shushan

---

[11]    R. Doc. 9.