UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWN TIFFANY BRENNAN, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-4848** |
| **BRENNAN'S, INC.,**<br>    **Defendant** | **SECTION "E"** |

**ORDER**

Before the Court is a motion by Brennan's Inc. ("Brennan's") to reconsider the award of attorney's fees in the order and reasons remanding this action to state court.[1] Intervenors Bridget Brennan Tyrrell, Theodore Brennan, Alana Brennan, and Teddy Brennan, Jr. ("Intervenors") oppose the motion.[2] For the following reasons, the motion is **DENIED**.

Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment, according a district court "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981). The district court's discretion in this regard is broad, *see Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414–15 (5th Cir.1993), but this Court typically analyzes these motions under the standard governing Rule 59(e) motions to alter or amend a final judgment. *See, e.g., United States v. Bollinger Shipyards, Inc.,* 2013 WL 3984058, at *4 (E.D. La. 2013) (Vance, C.J.);

---

[1]  R. Doc. No. 21.

[2]  R. Doc. No. 24.

*Rosemond v. AIG Ins.*, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *Letap Hospitality, L.L.C. v. Days Inn Worldwide, Inc.*, 2008 WL 2959649, at *2 (E.D. La. July 30, 2008) (Berrigan, J.).  Under Rule 59(e), a moving party must satisfy at least one of the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law." *B & C Marine, LLC v. Cabiran*, 2013 WL 950562, *1 (E.D. La. Mar. 11, 2013).

Brennan's does not assert as grounds newly discovered evidence, a change in controlling law, or a necessity to prevent manifest injustice.  Its motion is therefore one to correct a "manifest error of fact or law."  This is a demanding standard, and one Brennan's does not meet.  It was objectively unreasonable for Brennan's to believe that *Baccus v. Parrish*, 45 F.3d 958 (5th Cir. 1995), provides good authority to remove this case (whether based on the All Writs Act or general federal question jurisdiction).  *Baccus* itself requires "a claim brought in state court [that] seeks to attack or undermine an order of a federal district court." *Id.* at 960.  Brennan's had no objectively reasonable basis to believe that the petition for intervention put the order of this Court (concerning the Succession's voting rights) at risk.

As the Court noted in a related case on June 6, 2013—a mere thirteen days before Brennan's removed this action—"The rights and status of the Succession under the Security Agreement have not been decided in the state court action and are not before the state court even now." *Colbert v. Brennan*, No. 12-cv-2442, at p. 4 (E.D. La. filed Oct. 4, 2013) (R. Doc. No. 113).  The only action in the state court that could have put the rights and

2

status of the Succession at issue after that order and before Brennan's removal on June 19, 2013, was Intervenor's June 10, 2013, petition for intervention. Yet the petition for intervention, which requested "the [state court] order that [the Succession] accept the funds in the registry of the [state court], in full satisfaction of [the state court's] July 10, 2012 Judgment, and execute a Satisfaction of Judgment in favor of Brennan's, Inc.,"[3] did not purport to attack or undermine the judgment of this Court holding that the Succession was entitled to vote. Although that may have been Intervenor's ultimate goal, any risk of interference with the Court's ruling regarding the Succession's voting rights was several steps removed from the relief requested by the petition for intervention. In any event, the petition for intervention requested nothing more than Brennan's had already requested in its May 22, 2013, ex parte motion to deposit funds in the registry of the state court and motion to compel the Succession to execute satisfaction of judgment.

Accordingly, Brennan's knew as of this Court's June 6, 2013, order in case number 12-2442 that the relief requested by Brennan's on May 22, 2013 (and therefore the identical relief requested by Intervenors on June 10, 2013) did not put "the rights and status of the Succession under the Security Agreement" at issue. This, together with the clear reading of the request for relief in the petition for intervention, rendered objectively unreasonable Brennan's decision to remove under *Baccus* because of some purported attack on a judgment of this Court. This Court had already ruled there was not yet such an attack. And even if Brennan's could make some argument to the contrary, it was certainly not a manifest error of law for the Court to so conclude.

---

[3]   R. Doc. No. 1-7, p. 20.

**IT IS SO ORDERED.**

**New Orleans, Louisiana, this 3rd day of October, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**